STANDRIDGE *v.* GODSEY *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

Rehearing Denied February 10, 1950.

FRANK N. BRATTON and BRATTON & WITT, of Madisonville, for plaintiff in error.

W. E. MICHAEL, of Sweetwater, for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error brought suit in the circuit court of Monroe County for damages for the negligent killing of his minor son. Young Standridge, age 17, was killed by a truck that was owned by the defendant, J. M. Godsey, and driven by his codefendant, Melton, on November 26, 1947. He and another young man, Howard McDaniel, were walking along highway No. 11, on the right side, and in a westerly direction from Sweetwater. They had entered upon a concrete bridge, which was 20 feet wide

and 145 feet long, when the truck of the defendants approached from their rear and struck the deceased killing him almost instantly. Neither of the boys saw the truck approaching. Young McDaniel was walking in front of the deceased and saw an automobile coming toward them. The automobile passed the truck on the bridge. The impact occurred near the west end of the bridge.

There is no dispute as to the material facts as found by the Court of Appeals, as follows:

"Highway No. 11 runs east and west and is one of the main thoroughfares connecting the cities of Chattanooga and Knoxville. This highway passes through the business district of the town of Sweetwater and is heavily traveled. One-half mile west of the business district of the town, the highway crosses Sweetwater Creek on a concrete bridge 145 feet long, 20 feet wide with heavy concrete balusters $3\frac{1}{2}$ feet high on each side of the bridge. Just west of the bridge on the south side of the highway is the Sweetwater Valley Cafe, owned and operated by C. E. McCash.

"Shortly after dark on the evening of November 25, 1947, the deceased, Ross C. Standridge, and another young boy, Howard McDaniel, left the business section of Sweetwater and were walking in a westwardly direction on the aforementioned highway headed for the Sweetwater Valley Cafe. They had visited this cafe frequently and were thoroughly familiar with the highway and the bridge, and each knew that the highway was heavily traveled by motor vehicles of all kinds.

"To cross the bridge the boys proceeded in sheeplike fashion four or five feet apart, with Standridge in the rear. They were walking on the right side of the bridge

within one or two feet of the concrete balustrade and were nearly across the bridge when the Godsey truck, driven by Melton and going in the same direction as the boys, overtook Standridge and struck him from behind, causing instant death. After striking Standridge, the truck went 75 or 80 feet before stopping, the driver getting out and returning to the injured boy who was shortly thereafter taken to the hospital in an ambulance. Standridge died before the ambulance reached the hospital and Dr. Heuer, after an examination, announced that he had died from a crushed skull and brain hemorrhage.

"Howard McDaniel, who was the only person with deceased, did not see the accident as he was walking in front of deceased. He testified that he and the deceased had used the highway by day and at night, walking to and from the Sweetwater Valley Cafe, and that they were thoroughly familiar with the highway and the bridge; that since there were no sidewalks along the highway, they walked on the pavement or shoulder of the road; and that numerous motor vehicles would pass them as they walked along, and that on the night of the fatal accident they had met a few automobiles and trucks. This witness testified that he did not know that his companion had been struck until something knocked him down; that when he got up from off the ground, Standridge was lying on the ground in front of him.''

The plaintiff's declaration contained four counts. One of the counts alleged that the windshield of the truck was muddy and the driver could not see ahead; that he failed to keep a proper lookout and was driving at a fast and reckless rate of speed; that while so driving he ran upon and over the deceased, who was then and

there observing an ordinance of the Town of Sweetwater, which provides: "(1) Pedestrians shall keep to the right on all walks and drives, stop at or near the curb or houseline, and not near the center of the walk."

Another count charged the defendants with violation of the following ordinances, to wit:

"(1) No person shall operate a motor vehicle of any kind as defined in this ordinance over any street or public highway of the City recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to injure the property and life or limb of any person, or without due regard to the wear upon said highway, so as not unnecessarily or unreasonably to damage the same.

"(2) No owner or operator of any vehicle shall drive, operate, or move, or permit the same to be driven, operated, or moved, on any street, alley, park or driveway, of the Town of Sweetwater, at a rate of speed in excess of twenty-five (25) Miles per hour."

The declaration alleged generally that the deceased was killed as a direct and proximate result of the violation of the above quoted ordinances.

There was a plea of not guilty filed by the defendants. Under said plea they made the defense that the deceased was guilty of violating Sub-sections (d) and (e) of Code Section 2687, which reads as follows:

"Sub-section (d). Pedestrians shall not use the highway, other than the sidewalks thereof, for traffic, except when obliged to do so by the absence of sidewalks, reasonable, suitable, and passable for their use, in which case they shall keep as near as reasonably possible to the extreme left side or edge of same.

528

"Sub-section (e). No person shall play on a highway, other than upon the sidewalks thereof, within a city or town, . . . or use in play thereon roller skates, coaster or any similar vehicle or toy or any article on wheels or runner, excepting bicycles, tricycles, and motorcycles except in such areas as may be especially designated for that purpose by the local authorities, and if such highway has two (2) traffic lanes, they shall keep as near as reasonably possible to the extreme left side or edge of the left hand traffic lane, so that they will be facing oncoming traffic at all times."

At the conclusion of all the evidence the trial judge sustained a motion for a directed verdict upon the ground of the contributory negligence of the deceased in walking upon the right side of the highway in violation of law. He later overruled the plaintiff's motion for a new trial and granted an appeal to the Court of Appeals. That court affirmed the trial court, Judge Hale dissenting.

The plaintiff in the trial court and in the Court of Appeals made the contention that the deceased was observing the city ordinance (above quoted) and hence was guilty of no negligence; that since the accident occurred inside the corporate limits of Sweetwater the ordinance took precedence over the statute, the latter having no application. Contention was further made by the plaintiff that the deceased, because of his youth, could not be found guilty of contributory negligence as a matter of law. We granted *certiorari* and the case was set down for oral argument at Knoxville.

■ The principal error assigned is that the Court of Appeals misconstrued the ordinance of Sweetwater requiring pedestrians to walk on the right side of "walks and drives", and in holding that the deceased was guilty

of contributory negligence as a matter of law. We think both courts were correct in their construction of the said ordinance. We are in agreement with the argument of defendants' counsel, and the opinion of the Court of Appeals, that the Code Section above referred to is a wise provision of the law to safeguard pedestrians along and upon the public highways. We are also in accord with the holding in *Donaho* v. *Large,* 25 Tenn. App. 433, 158 S. W. 2d 447, upon which the defendants strongly rely, and upon which the Court of Appeals rested its opinion. The facts undoubtedly warranted the conclusion that the plaintiff was guilty of contributory negligence as a matter of law.

But can it be said in the instant case that the deceased was guilty of such negligence in the light of the undisputed facts? Generally speaking the statute applies in such cases and the Court is upon solid ground in holding that pedestrians are guilty of negligence *per se,* if they fail to observe the law. But the "law of the road" is not to be considered as an inflexible rule to be obeyed regardless of circumstances. *Hanson* v. *Matas,* 212 Wis. 275, 249 N. W. 505, 93 A.L.R. 551. What are the facts which take the instant case out of the holding in *Donaho* v. *Large, supra?* We concede that many people walked across this bridge and there was also heavy vehicular traffic across it. The deceased knew these facts, as did his companion. The requirement of the statute that pedestrians walk on the left side of the highway *facing* oncoming automobiles was to compel them to see approaching vehicles and immediately step off of the highway to their left and be out of danger.

But we think under the undisputed facts in the present case that had the deceased been walking on the left

side of the highway he could not have avoided a serious accident. This is true for the following reasons. It is admitted that immediately before the deceased was struck an automobile was approaching going east. It met the truck on the bridge near the east end. The driver of the truck was blinded by its lights, at least this was his contention. Had the deceased been walking on the left side of the bridge he could not have stepped to his left and out of the way of this automobile traveling east because of the concrete balustrade of the bridge. Had he stepped to his right he would almost at the same instant have placed himself in front of the defendants' truck. It thus appears that he was in great peril whether he was walking on the left or the right side of the highway.

■ The situation of peril must be taken into account in applying the law of the road, whether or not a pedestrian should observe the law of necessity to save himself from injury or observe the law which is designed to prevent accidents. *Adams* v. *Parrish,* 189 Ky. 628, 225 S. W. 467; *Stiles* v. *Corbett,* 136 Wash. 670, 241 P. 294; *Drakenberg* v. *Knight,* 178 Wis. 386, 190 N. W. 119. See also 93 A.L.R. with numerous annotations beginning at p. 551.

■ In *Marquis* v. *Fitts,* 127 Me. 75, 140 A. 909, it is said: The law of the road yields to extraordinary junctures.

■ In *Hanson* v. *Matas,* 212 Wis. 275, 249 N. W. 505, 507, 93 A.L.R. 546, the Court had under consideration the question whether or not a pedestrian violating the law of the road was guilty of such contributory negligence as would bar a recovery. The statute required that "Pedestrians using those highways not provided

with sidewalks shall travel on and along the left side of such highway and the pedestrian, upon meeting a vehicle shall, if practicable, step off the traveled roadway." St. Wis. 1931, Section 85.44(6). In that case the injured pedestrian, who was hard of hearing, was standing in the center of a narrow roadway and was struck by a small motor truck approaching from his rear. The defendant pleaded contributory negligence, as in the case before us. The Court held that the pedestrian was not excepted from the provisions of the statute because compliance with it under the circumstances was not "impossible or would subject him to any danger." In construing the statute it was said: "And it is doubtless true that a statute would not require a pedestrian to do the impossible, or to expose himself to one danger from ahead in order to avoid another danger from behind, as in the case of two automobiles meeting at the point of a pedestrian's position on the road where there was not room to pass without striking him in whatever position in the road he might be. But these situations are far removed from that in the instant case. We must adhere to the rule stated in the *Montgomery* and *Edwards Cases, supra* (*Osborne* v. *Montgomery,* 203 Wis. 223, 234 N. W. 372; *Edwards* v. *Kohn,* 207 Wis. 381, 241 N. W. 331), that where a safety statute lays down a rule of conduct it establishes the standard of ordinary care, and one who violates it cannot be heard to say that he exercised ordinary care or ought not to have anticipated injury from its violation, *unless compliance is under the circumstances impossible, or would subject him to other imminent and apparent dangers."* (Italics ours.)

532

We do not wish to be understood as departing from the general rule announced in *Donaho* v. *Large, supra.* But where, as in the instant case, it appears that the deceased could not extricate himself from the zone of danger by leaving the paved surface of the road by going either to the right or the left, it cannot be said that he was guilty of contributory negligence as a matter of law.

Moreover, the driver of the defendant's truck saw that the deceased could not step to the left side of the bridge because of the approach of the automobile from the west. There is no reason why he could not have seen him had he been in the exercise of due care. Every driver of an automobile upon the public highways is presumed to see pedestrians, whether they are walking toward him or away from him.

The contention seems to be made by the defendants that the lights from the approaching automobile blinded the truck driver momentarily and for this reason he did not see the deceased until it was too late to avoid striking him. But this excuse merely made an issue for the jury to decide. It was a vital issue in deciding whether or not the court should direct a verdict. The truck driver must have seen the oncoming automobile for some distance before it reached the bridge. He knew of traffic conditions upon the road and upon the bridge and he should have known that pedestrians walking on the left side of the bridge would of necessity have to step to their right to avoid the approaching car. In these circumstances it was his duty to be vigilant in observing objects upon the road.

If we should concede that the deceased was violating the law of the road, which is negligence *per se,* there remains the question of whether or not his fault

was the proximate cause of the accident. By the weight of authority the contributory negligence of the plaintiff in violating the law of the road, or municipal ordinances regulating traffic, is not a complete defense unless it contributes to the accident as the proximate cause. Whether or not his fault was the proximate cause of the accident was for the jury. Vol. 1, p. 117, Foundations of Legal Liability (Street); *Catron* v. *Birchfield,* 159 Va. 60, 165 S. E. 499; *Corcoran* v. *Pac. Auto Stages,* 116 Cal. App. 35, 2 P. 2d 225. We are constrained to hold that the trial judge was in error in directing a verdict for the defendant.

There is no merit in the plaintiff's contention that because of the minority of the deceased he was not chargeable with contributory negligence. Under all the authorities the standard by which to measure the conduct of a minor, as regards the question of contributory negligence, is that degree of care ordinarily exercised by one of the same age, discretion, knowledge and experience under the same or similar circumstances.

The case is reversed and remanded for a new trial.

All concur.

### On Petition to Rehear.

The defendant has petitioned the Court for a rehearing complaining that in the original opinion we reaffirmed the ruling of the Court of Appeals in *Donaho* v. *Large,* 25 Tenn. App. 433, 158 S. W. 2d 447, and then proceeded to "cut the heart out of it" by holding that it had no application. Contention is further made that we overlooked the well settled principle of law that "one who claims the benefit of a sudden peril must not have caused it".

Petitioner is merely rearguing the facts of the case in his contention that we have "cut the heart out of the substantive law as declared in *Donaho* v. *Large*". In that case the conclusion was inescapable that the defendant, in driving his truck upon the highway, was guilty of no negligence whatever. After quoting from the plaintiff's testimony, which was an admission of unexplained contributory negligence, the court very properly held that his conduct was the proximate cause of the accident. In the case at bar there is undisputed evidence, as stated by Judge Hale in his dissenting opinion, that defendant's truck "was being driven at an excessive speed at night, over a narrow bridge largely used by pedestrians and when all visibility through the windshield was prevented by an accumulation of mud except for a space of eight inches in diameter on the left side". The truck was driven 75 or 80 feet after striking the deceased and his companion before it came to a stop. It is doubtful if the driver of the truck ever saw the boys on the bridge, and no reason is given for not having seen them.

Contention is further made that there was no evidence that the defendant knew of "traffic conditions", and that we erroneously reversed the Court of Appeals "upon the basis of presumptions", that is, that he knew of such conditions. In response to this contention we need only to say that if he was not familiar with traffic conditions he had no business driving a truck upon the public highway. Moreover, we think it not at all presumptuous for the Court to hold that an important duty devolving upon the defendant, whether he was familiar with traffic conditions or not, was to keep a lookout ahead and to see that which was plainly to be seen, that

the deceased was using the bridge as a walk-way and that it was as unsafe for him to be upon the left side as upon the right. The fact that the deceased was upon the right of the bridge certainly gave the defendant no right to run him down and kill him. He did not cross the bridge at his peril. Whether or not young Standridge was in the exercise of due care in entering upon the bridge under the circumstances was an issue for the jury to decide.

While the holding in *Donaho* v. *Large,* that one who violates the law of the road is guilty of negligence *per se,* is sound as an abstract proposition of law, it is not applicable to the facts of the instant case.

The citation of authority by petitioner in support of the proposition that ''one who claims the benefit of a sudden peril must not have been responsible for it'' has no application to the case at bar for the reason that the deceased was not responsible for the peril. The sudden peril was due to the passing of defendant's truck and another automobile upon the bridge after the deceased had entered upon it.

The petition to rehear is denied.

All concur.