# KING v. TENNESSEE CENT. R. CO.—253 S. W. (2d) 202.

Middle Section.   June 27, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

Joseph L. Lackey, and Robert H. Polk, both of Nashville, for plaintiff in error.

Martin & Cochran, and John D. Whalley, all of Nashville, for defendant in error.

HOWELL, J.   This is a suit for personal injuries sustained by the plaintiff Oliver T. King when a truck in which he was riding with a fellow employe of the Nashville Tennessean ran into a box car of the defendant Tennessee Central Railway Company while it was standing still on a switch track of the defendant on 12th Avenue North in Nashville early in the morning of January 18, 1948.   The box car in question was a part of a switching operation of the defendant into the foundry of the Phillips & Buttorff Mfg. Company.

Upon the trial in the Circuit Court of Davidson County, at the closing of plaintiff's proof, the trial Judge granted

a motion of the defendant to direct a verdict for it on the grounds that there was no evidence of negligence on the part of the defendant, that plaintiff's injuries were caused by the negligence of the driver of the truck in which plaintiff was riding and that the plaintiff himself was guilty of contributory negligence.

The plaintiff has appealed in error to this Court and has assigned this action of the trial Judge as error.

■ The evidence sustains the following statement of the facts:

Early in the morning of January 18, 1948, the plaintiff was riding with a fellow employe of the Nashville Tennessean in a truck driven by D. T. Frazier, his fellow employe, and they were engaged in delivering newspapers in the Northwestern section of Nashville. About half an hour before the accident they had passed along 12th Avenue North and crossed this same railroad track at which the accident happened as they were returning South on 12th Avenue to their place of business. This switching track upon which a box car was standing still at the time of the accident is at the foot of a down grade on 12th Avenue North in both directions, North and South, and is practically in the middle of a block and it was dark and the ground was covered with snow. The weather was very cold, a little above zero, and the truck in which plaintiff was riding was proceeding down hill in second gear at a speed of fifteen to twenty miles per hour. The driver of the truck knew that he was approaching this switch track and so did the plaintiff. The speed of the truck was not reduced, neither of them saw the box car and the truck was driven into the side of the box car with the resulting injuries to the plaintiff. Moisture or fog was blurring the windshield of the truck and both plaintiff and the driver had been almost constantly wip-

ing the inside of the windshield glass in order to see through it. Shortly before the collision the plaintiff had looked to his right and immediately before the collision had turned his face toward the front of the truck. The lights on the truck were in good condition and shone a distance of seventy five or eighty feet ahead, but the truck ran into the side of the box car standing still on the switch track. There was no evidence as to how long this box car had been across the street.

A careful reading of the record does not disclose that there is any evidence of any negligence on the part of the defendant railway company.

In the case of Tennessee Central Railway Company v. Schutt, 2 Tenn. App. 514, the opinion by Faw, P. J. discloses that the accident which resulted in that case was at the same place and under very similar conditions. In that case Judge Faw said:

"The question remaining, under the first assignment of error, is whether, after resolving all conflicts of evidence in favor of the plaintiff, and viewing the evidence in that aspect most favorable to the plaintiff of which it is reasonably susceptible, there is evidence upon which the jury could lawfully find that defendant was guilty of actionable negligence which constituted an efficient cause of the collision in question and the resulting injuries to plaintiff.

"Stated in another form, the question is, did the defendant owe a legal duty to the plaintiff, at the time of the collision, which it failed to perform, and the breach of which was the proximate cause of the plaintiff's injuries.

" 'In the absence of statute, the mere fact that a railroad company obstructs a street or highway at a

public crossing, by letting a train of cars remain thereon for a reasonable length of time, and for proper purposes is not negligence, and the company is not responsible for injuries caused thereby.' 22 R. C. L., p. 994, par. 222.

"So far as we are informed, we have no statute on this subject in Tennessee, and we have no hesitation in holding that, according to the undisputed evidence, the train with which the Chumley automobile collided had not been permitted to remain on the crossing for an unreasonable length of time or for an improper purpose.

"However, we need not dwell on the point just stated, as we do not understand that it is insisted for plaintiff that the mere presence of the train of cars on the crossing, for two or three minutes, in the course of a switching operation, would, without more, charge the defendant with negligence· But it is contended with much force and plausibility that because of the extreme darkness which surrounded the crossing, it was the duty of the defendant to have some person, or a warning signal of some kind, at the crossing to warn travelers on Twelfth Avenue of the presence of the railroad cars which obstructed the street.

"It was a very dark night and the darkness was intensified by the 'drizzling rain', fog and smoke. There were two electric lights maintained by the city on Twelfth avenue near the crossing—one about 125 feet north and another about 150 feet south of the crossing. The light north of the crossing was burning, but the one south of the crossing was not burning, at the time the collision occurred. There was a

tall building—the Phillips & Buttorff Foundry, four or five stories high—extending along Twelfth avenue from the crossing southward for about a block.

"It is an elementary principle of the law of negligence that 'an injury is not actionable if it could not have been foreseen or reasonably anticipated.' 20 R. C. L., p. 12, par. 9.

" 'A mere failure to ward against a result which could not have been reasonably expected is not negligence.' Gage v. Boston & Maine Railroad [77 N. H. 289, 90 A. 855], L. R. A. 1915A, 363; Jacobson v. N. Y., etc., Railroad, 87 N. J. L. 378, 381, 94 A. 577.

"Applying the principle just stated to the facts of the instant case, the question is, would the employees of the defendant, in the exercise of reasonable care, have anticipated that on account of the darkness the cars upon the crossing were such an obstruction that people traveling along the highway in an automobile, at a reasonable rate of speed, properly equipped with lights, and carefully operated, would be liable to come into collision with them. (219 Mass. 410 [106 N. E. 1022]).

"This question has been answered in the negative by several courts of last resort and of high repute in the American judiciary, upon facts which, in their essential features, are quite similar to the facts of the case at bar. See Trask v. Boston & Maine Railroad, 219 Mass. 410, 414, 106 N. E. 1022; McGlauflin v. Boston & Maine Railroad (and six other cases in the same opinion), 230 Mass. 431 [119 N. E. 955], L. R. A., 1918E, 790; Phila. & Reading Railway Co. v. Dillon [1 W. W. Harr. 247] (Del.), [114 A. 62] 15 A. L. R. 894; Gilman v. Central Vermont Railway

Co., 93 Vt. 340 [107 Vt. 122] 16 A. L. R. 1102, Nadas-ky v. Public Service Railroad Co., 1922 [97 N. J. L. 400] 117 A. 478, 479; Gage v. B. & M. Railroad [77 N. H. 289, 90 A. 855] L. R. A. 1915A, 363; Jacobson v. N. Y., etc., Railroad Co., 87 N. J. L. 378, 94 A. 577. See also Annotations in 15 A. L. R. p. 901, and L. R. A. 1918E p. 792.''

■■ In this case we think that the driver of the car in which plaintiff was riding was clearly guilty of the negligence, that was the proximate cause of the collision, in driving the truck at night and in a dark place, at such a speed that he could not stop or avoid the obstruction within the distance lighted by his truck lights and also the plaintiff was clearly guilty of the negligence which was the proximate cause of the accident in relying on the care and vigilance of the truck driver under the conditions existing at the time of this collision and in not exercising reasonable precautions for his own safety.

In the case of Stem v. Nashville Interurban Railway, 142 Tenn. 494, on page 508, 221 S. W. 192, on page 196, the Supreme Court said:

''It is likewise true that one occupying a vehicle as a guest cannot rely upon the care and vigilance of the driver to the extent of relieving himself from the exercise of reasonable precautions for his own safety; this obligation is a continuing personal one. It is shown in the evidence here that at the time of and immediately prior to the collision the deceased was exercising no care to ascertain the existence of the railway track or the approach of the car. This would, nothing else appearing, preclude any right of recovery by her administrator.''

In the case of Louisville & N. R. R. Co. v. Anderson, 159 Tenn. 55, 15 S. W. (2d) 753, 755, the Supreme Court said:

"In these circumstances, we think our cases compel the conclusion that Anderson was guilty of negligence as a matter of law in not discovering the peril and advising the driver thereof, in time to avoid the accident. The controlling principles are summarized in Dedman v. Dedman, 155 Tenn. 241, 246, 291 S. W. 449, 451:

" 'One riding in an automobile as a guest cannot rely upon the care and negligence (misprint for "vigilance") of the driver to the extent of relieving himself from the exercise of reasonable precautions for his own safety. This obligation is personal and continuing. Stem v. (Nashville) Interurban Ry., 142 Tenn. 494 (221 S. W. 192). A guest, although not driving the car, must exercise due care for his own safety· Hurt v. Yazoo & M. V. R. Co., 140 Tenn. 623 205 S. W. 437). If an adult, while riding in a car driven by another sees, or ought by due diligence to see, that the driver is not taking proper precautions, it is the duty of the passenger or guest to remonstrate or give some warning of danger, and a failure to do so is negligence. Knoxville Railway & Light Co. v. Vangilder, 132 Tenn. [487] 489 (178 S. W. 1117, L. R. A. 1916A, 1111). To the same effect is Tennessee Central R. Co. v. Van Hoy, 143 Tenn. 312 (226 S. W. 225)·

" 'It is said in Knoxville Railway & Light Co. v. Vangilder, supra, that the passenger or guest may rely upon the assumption that the driver of the automobile will exercise proper care and caution unless

the danger is obvious or is known to the passenger or guest. This is repeated in Tennessee Central R. Co. v. Van Hoy, supra.'

"The duty of the guest to admonish or advise the driver is recognized in the foregoing quotation, whenever the danger is such that the guest sees it, or 'ought by due diligence to see it;' and the right of the guest to rely upon the assumption that the driver will exercise proper care and caution is denied when 'the danger is obvious' or is known."

The plaintiff relies upon the case of Gulf, M. & O. R. Co. v. Underwood, 182 Tenn., page 467, 187 S. W. (2d) 777, 779. In that case the Court said:

"Further, we think Mrs. Underwood was not guilty of contributory negligence merely by remaining a passenger in Mrs. Inman's car in a place of 'obvious danger,' but would only be so guilty, after she became aware, or in exercise of reasonable care should have become aware, that she could no longer rely on the driver to take the steps necessary to avoid the danger."

In that case the Court further said that "The plaintiff was denied recovery in the Schutt case because there was no proof of the railroad's negligence * * *." As stated we find no evidence in this case of any negligence whatever on the part of the defendant.

In the case of Snyder v. Missouri Pac. R. Co., 183 Tenn. 471, 192 S. W. (2d) 1008, 1011, the Supreme Court said:

"In Arkansas, as elsewhere, a railroad track is an admonition of danger and it is the duty of persons crossing the track to look and listen before making this effort. Such persons are bound by what they could have discovered had they looked or listened.

If the duty to look and listen cannot be adequately performed without stopping, it is the duty of the traveler to stop.''

■ In this case both the plaintiff and the driver were aware of the location of this switch track, they had crossed it about half an hour before the accident and the fact that the box car was across the crossing could have and should have been ascertained by both of them as they were fully aware that they were approaching a crossing. The railroad track itself was a warning of danger and with a box car standing on it at the crossing, it was the duty of the driver and of the plaintiff to see what could have been seen had they exercised proper care.

We think that in this case there was no evidence of any negligence on the part of the defendant and that the plaintiff and the driver of the truck were both guilty of the contributory negligence that was the proximate cause of the accident.

The assignments of error are overruled and the judgment of the Circuit Court dismissing the suit is affirmed.

The plaintiff will pay the costs.

Affirmed.

Hickerson, J., concurs.

Felts, J., concurs on the ground that there was no evidence of any negligence on the part of defendant.