# ADAMS et al. v. BROWN et al.—262 S. W. (2d) 79.

Eastern Section. June 23, 1953.

Petition for Certiorari denied by Supreme Court, October 9, 1953.

Simmonds & Bowman, of Johnson City, for plaintiffs in error.

Clarence W. Bralley and Price & Price, all of Johnson City, for defendants in error.

McAMIS, P. J.  Mrs. Helen Adams instituted suit in the Circuit Court of Washington County against Durwood

B. Brown and Gladys S. Brown, a partnership, doing business as Rock Wool Insulating Company, to recover damages for personal injuries and damage to her Plymouth automobile, growing out of a collision between Mrs. Adam's car, driven by her, and a truck of Rock Wool Insulating Company, operated at the time by Ben J. Henderson, its agent and servant. Deway Adams, husband of Mrs. Helen Adams, instituted a companion suit to recover for medical expenses and loss of services. The two cases were tried together before the court and a jury and resulted in a verdict for Mrs. Adams for $2,725 and a verdict for $500 in favor of Mr. Adams. Defendants prayed and were granted an appeal which they perfected, the cases being, therefore, improperly styled in this court.

The collision occurred October 25, 1950, at about 4:30 o'clock in the afternoon, at the intersection of Highway 19-E which is paved and a main thoroughfare and a County side road of gravel construction. Highway 19-E, for the purposes of this opinion, may be considered as running east and west. Both vehicles were traveling from west to east at a very moderate rate of speed. Mrs. Adams had come up behind defendants' truck at a point west of the intersection and, having blown her horn as a signal of her intention to pass, she drove to the left of Highway 19-E and pulled up alongside the truck on its left side as the truck approached the intersection. When the car was well within the intersection with about half of it past the front fender of the truck, Henderson, the driver of the truck, pulled suddenly to the left with the intention of entering the side road when, for the first time, he saw plaintiff's automobile. The left front fender of the truck struck the right side of the car and forced it into a ditch, causing the damages for which these suits were instituted. According to credible, material evidence

the driver of the truck gave no signal of his intention to turn left into the intersecting road.

It is thus apparent that the jury could have found the driver of the truck guilty of proximate negligence in violating Code Section 2682 providing that it shall constitute reckless driving to fail to give adequate and timely signals of an intention to turn, partly turn, slow down or stop on a highway and further providing:

"(d) 1. Every driver who intends to start, stop, or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give a signal required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement.

"2. The signal herein required shall be given by means of the hand and arm, or by some mechanical or electrical device approved by the department of safety after this section takes effect, in the manner herein specified. Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to start, stop, or turn, or partly turn, by extending the hand and arm from and beyond the left side of the vehicle * * *.

"6. Such signals shall be given continuously for a distance of at least fifty (50) feet before slowing down, stopping, turning, partly turning, or materially altering the course of the vehicle."

It is strenuously insisted, however, that, under the undisputed evidence, Mrs. Adams was guilty of negligence per se in attempting to pass the truck at an intersection in violation of Code Section 2686(c), providing:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of roads, streets or highways unless permitted to do so by a traffic or police officer."

Mrs. Adams testified that she had been over Highway 19-E only once since childhood and that, after following the truck for a mile or more, she blew her horn "looked and the road was clear and I saw no reason why I shouldn't pass * * *." and that when she was approximately halfway past the truck, the driver suddenly cut to the left and into the right side of her car. She had seen no signal given of an intention to turn and, according to evidence which the jury may have accepted, no signal was in fact given.

■ Although negligence per se, we think it is a permissible inference from the proof that plaintiff's violation of the statute prohibiting passing at intersections was not intentional or willful and that, to some extent, it was invited by the failure of the driver of the truck to give a signal of his intention to turn. We may assume that if such a signal had been given as required by statute plaintiff would not have attempted to pass until the turning maneuver had been completed. On the other hand, reasonable minds might well conclude that plaintiff's violation of the statute merely placed her in a position to be injured as the proximate result of the violation of another statute by the driver of the truck. If so, her negligence would not be regarded as a proximate cause and would not bar a recovery. 38 Am. Jur., Negligence, Section 13, p. 898.

■ "An act of the plaintiff, although unlawful, does not place him outside the protection of the law as to an injury sustained by him through the negli-

gence of another, unless the unlawful act has some causal connection with the injury. Accordingly, no exception to the rule that contributory negligence must contribute proximately to the injury sustained by the plaintiff in order to constitute a defense in his action for negligence is made for the fact that the plaintiff's negligence consists in the violation of a statute or ordinance. Clearly, where the defendant was guilty of violating a statute or ordinance at the time when he negligently injured the plaintiff who was then committing the same violation, there is no cause for the defendant to escape liability if the plaintiff's negligence was not a contributing cause of the injury * * *. If the injured person's violation of an ordinance did not directly contribute to the injury, his unlawful conduct is not a defense to his action, even if he would not have been injured if he had not violated the ordinance. The distinction is between that which directly and proximately produces or helps to produce a result as an efficient cause and that which is merely a necessary condition or attendant circumstance of it.'' 38 Am. Jur., 899, Negligence, Section 214.

The foregoing text statements are in accord with numerous cases in this State, the last of which is Standridge v. Godsey, 189 Tenn. 522, 532, 226 S. W. (2d) 277, 281, where the court, speaking through Mr. Chief Justice Neil said:

"If we should concede that the deceased was violating the law of the road, which is negligence per se, there remains the question of whether or not his fault was the proximate cause of the accident. By the weight of authority the contributory negligence of the plaintiff in violating the law of the road, or

municipal ordinances regulating traffic, is not a complete defense unless it contributes to the accident as the proximate cause. Whether or not his fault was the proximate cause of the accident was for the jury. Vol. 1, p. 117, Foundations of Legal Liability (Street); Catron v. Birchfield, 159 Va. 60, 165 S. E. 499; Corcoran v. Pacific Auto Stages, 116 Cal. App. 35, 2 P. (2d) 225. We are constrained to hold that the trial judge was in error in directing a verdict for the defendant.''

Other cases in accord and involving violations of statutory traffic regulations by the plaintiff and relied upon as barring contributory negligence include Holt v. Walsh, 180 Tenn. 307, 174 S. W. (2d) 657, and cases there cited; Sutherland v. Keene, 29 Tenn. App. 303, 203 S. W. (2d) 917; Atchley v. Sims, 23 Tenn. App. 167, 169, 128 S. W. (2d) 975.

█ We find no error in the action of the court in refusing to direct a verdict for defendants and it results that the assignment of error is overruled and the judgment affirmed with costs.

Hale and Howard, JJ., concur.