EUGENE CHANDLER AND WIFE, Plaintiffs-in-Error, v. SPIRGON G. NOLEN, Defendant-in-Error. —359 S. W. (2d) 591.

Western Section. January 17, 1961.

Certiorari Denied by Supreme Court April 5, 1961.

John L. Williams, Huntingdon, Murchison & Murchison, Jackson, for plaintiffs in error.

W. H. Lassiter, D. D. Maddox, Huntingdon, for defendant in error.

CARNEY, J. The plaintiffs-in-error, Mr. and Mrs. Eugene Chandler, brought suit for damages for the death for their 14-year-old son, Jerry E. Chandler, who was killed when struck by the automobile driven by the defendent, Spirgon G. Nolen. At the close of the plaintiffs' proof the Trial Judge sustained a motion for directed verdict in favor of the defendant. The Trial Judge ruled that the deceased, Jerry E. Chandler, was guilty of proximate contributory negligence as a matter of law because the bicycle on which he was riding was not equipped with lights as required by T. C. A. Section 59-878. Plaintiffs have brought this appeal in error.

Jerry Chandler, along with two other boys on their bicycles, was proceeding eastward on Highway 70 just west of the city limits of Huntingdon, Tennessee, about 5:15 P.M. on December 4, 1959, when the defendant,

Spirgon G. Nolen, travelling westward on Highway 70 pulled over the center line into the eastbound traffic lane preparatory to passing a pickup truck also travelling westward immediately in front of him.

The three boys were riding single file on their unlighted bicycles in the south or eastbound lane of traffic. Jerry Chandler, the deceased, was in the middle; his brother, Charles Chandler, aged 12, was more than ten yards in front of Jerry and Tommy Portis, aged 12, was about ten yards behind Jerry.

Just as the defendant, Nolen, came abreast of the pickup truck which he was seeking to pass the left front fender of the Nolen car struck the bicycle upon which Jerry Chandler was riding killing Jerry instantly. Mr. Alonzo Gilley, driver of the pickup truck in front of Mr. Nolen, saw Jerry knocked into the air and pulled his truck over to the right and stopped as did Mr. Nolen.

The highway in the vicinity of the accident is closely settled with residences. The State Highway Department had posted a forty-five mile speed limit as authorized by T. C. A. Section 59-853.

The statute applicable to lights on bicycles is to be found in T. C. A. Section 59-878 which is as follows:

"Lamps and other equipment on bicycles.—(a) Every bicycle when in use at nighttime shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least five hundred (500) feet to the front and with a red reflector on the rear of a type approved by the department which shall be visible from all distances from fifty (50) feet to three hundred (300) feet to the

rear when directly in front of lawful upper beams of head lamps on a motor vehicle. A lamp emitting a red light visible from a distance of five hundred (500) feet to the rear may be used in addition to the red reflector.

"(b) No person shall operate a bicycle unless it is equipped with a bell or other device capable of giving a signal audible for a distance of at least one hundred (100) feet, except that a bicycle shall not be equipped with nor shall any person use upon a bicycle any siren or whistle.

"(c) Every bicycle shall be equipped with a brake which will enable the operator to make the braked wheels skid on dry, level, clean pavement. (Acts 1955, ch. 329, sec. 77.)"

Under T. C. A. Section 59-852 daytime is designated as running from one-half hour before sunrise to one-half hour after sunset and all other time is considered nighttime.

■ Plaintiffs' witness who was employed at the airport in Jackson, Tennessee, testified that the sun set in Jackson, Tennessee, on December 4, 1959, the date of the accident, at 4:42 P.M. This witness did not attempt to set the exact time the sun set in Huntingdon, Tennessee. However, this court takes judicial notice of the fact that Huntingdon on a direct line is less than thirty-five miles from and slightly east of Jackson, Tennessee, and we must infer that sunset in Huntingdon on December 4, 1959, at the scene of the accident was not later than 4:42 P.M. Thus it became nighttime under the statute at 5:12 P.M. and the deceased was in violation of the statute in

riding his bicycle on the highway at this time without lights. The accident happened about 5:15 P.M.

Some of the plaintiffs' witnesses testified that at the time of the accident it was not quite dark and there was some visibility without lights. The automobiles on the highway all had lights on. From all the plaintiffs' proof we think the Trial Judge correctly held that the accident happened after 5:12 P.M. and correctly held that the deceased, Jerry Chandler, was guilty of negligence per se by violating T. C. A. Section 59-878 by riding his unlighted bicycle on the highway in the nighttime. Also the witness, Tommy Portis, who was riding behind Jerry testified that he saw the defendant's car and pulled off the pavement to the shoulder but Jerry was looking off to his right and did not see the defendant's car in time to pull off to the shoulder of the highway.

All six of the plaintiffs' assignments of error challenge the ruling of the Trial Judge that such negligence by Jerry constituted proximate contributory negligence as a matter of law. Plaintiffs contend that there was ample material evidence from which the jury could reasonably have found that Jerry's negligence was at most remote contributory negligence and that the defendant, Nolen, was guilty of proximate negligence and that such negligence was the sole proximate cause of the decedent's death.

Plaintiffs contend the defendant, Nolen, was guilty of the following acts of negligence:

1. He was driving in violation of the 45 mile speed limit.

2. He attempted to pass the pickup truck driven by Mr. Gilley in violation of T. C. A. Section 58-819 which is as follows:

"Limitations on overtaking on the left.—No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free from oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the righthand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction. (Acts 1955, ch. 329, sec. 18.)"

3. He was guilty of common law negligence in failing to prevent the accident under the last clear chance doctrine.

A state trooper testified that markings on the highway indicated the defendant Nolen's car skidded 120 feet to the point of impact with the bicycle and 30 additional feet beyond the point of impact. All the marks were on the left or south side of the highway. The bicycle was knocked some 90 feet from the point of impact. The defendant told the trooper and other persons that he never did see Jerry or the bicycle and did not know what he had struck until after he had stopped his car. This statement is hard to reconcile with the fact that his car skidded 120 feet before striking the boy on the bicycle. There is no suggestion that the defendant was blinded by the lights on any approaching automobile.

In our opinion there was ample evidence from which the jury might reasonably find the defendant guilty

of negligence, common law and statutory, which proximately caused the death of the plaintiffs' son.

So the determinative question on this appeal is whether the Trial Judge correctly held that all reasonable men must come to the conclusion that the negligent conduct of the boy, Jerry Chandler, in riding his bicycle unlighted on the highway in the nighttime caused or directly contributed to his death. Defendant-in-error Nolen in this court as in the court below insists that this case is controlled directly by the holding of this court in Donaho v. Large, 1941, 25 Tenn. App. 433, 158 S. W. (2d) 447.

In the Donaho case the plaintiff pedestrian was struck from the rear by a truck while plaintiff was walking along the right side of the highway in violation of Code 1938 Section 2687(d). A jury awarded $3,000.00 damages and the defendant driver appealed. The Court of Appeals reversed and dismissed the case on the grounds that the plaintiff was guilty of proximate contributory negligence. From said opinion we quote as follows:

"It becomes pertinent then to inquire as to whether or not plaintiff's negligence was the proximate cause of his injury. Plaintiff is charged with knowledge of the fact that he was violating the provisions of an Act of the Legislature enacted for his protection. His testimony to the effect that he and his companion had been stepping off of the highway on the approach of cars from their rear on hearing the horn sounded clearly indicates that he was apprised of the dangerous position in which he had placed himself. There is nothing in the record to indicate that plaintiff was not in full possession of all of his faculties at the time. In view of the fact that

he had placed himself in a dangerous position it was his duty to use his faculties for hearing and seeing to avoid being struck. He was not only guilty of negligence per se by walking on his own right-hand side of the highway in violation of the provisions of the statute requiring pedestrians to walk on their own left side of the road, but he failed to use any degree of care for his own safety, when he knew or should have known that he was in immediate danger of being injured. His companion saw the lights of the approaching truck and knew it was approaching. Plaintiff fails to give any satisfactory explanation of his own failure to detect its approach and use reasonable precaution for his safety commensurate with the position in which he had placed himself. Under the circumstances we think the undisputed testimony establishes the fact that the plaintiff was guilty of contributory negligence barring his right of recovery.''

■ In the present case the plaintiffs-in-error, Chandler and wife, contend that it was a question for the jury to determine whether the negligence of the plaintiffs' son contributed to his death and if the jury should find that such negligence did contribute, then the jury should also determine whether such contributory negligence was proximate or remote. Of course, proximate negligence, if found by the jury, would bar a recovery but remote contributory negligence would only mitigate the damages. Bejach v. Colby, 141 Tenn. 686, 214 S. W. 869.

Our Tennessee cases seem to support the insistence of plaintiffs-in-error. In Adams v. Brown, 1953, 37 Tenn. App. 258, 262 S. W. (2d) 79, this court speaking through

Presiding Judge McAmis held that it was a question for the jury to determine whether a defendant truckdriver was guilty of proximate negligence in making a left turn without first ascertaining whether such movement could be made in safety and without giving the required signal of intention to turn in violation of Code Section 2682(c), 13(d), 1, 2, 6, and that it was also for the jury to determine whether the negligence of the plaintiff automobile driver in attempting to pass the truck at an intersection in violation of Code Section 2686(c) was a proximate cause of her damages.

From said opinion we quote as follows:

"It is strenuously insisted, however, that, under the undisputed evidence, Mrs. Adams was guilty of negligence per se in attempting to pass the truck at an intersection in violation of Code Section 2686(c), providing:

" 'The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any steam or electric railway grade crossing nor at any intersection of roads, streets or highways unless permitted to do so by a traffic or police officer.'

"Mrs. Adams testified that she had been over Highway 19-E only once since childhood and that, after following the truck for a mile or more, she blew her horn 'looked and the road was clear and I saw no reason why I shouldn't pass * * *.' and that when she was approximately halfway past the truck, the driver suddenly cut to the left and into the right side of her car. She had seen no signal given of an intention to turn and, according to evidence which

the jury may have accepted, no signal was in fact given.

"Although negligence per se, we think it is a permissible inference from the proof that plaintiff's violation of the statute prohibiting passing at intersections was not intentional or willful and that, to some extent, it was invited by the failure of the driver of the truck to give a signal of his intention to turn. We may assume that if such a signal had been given as required by statute plaintiff would not have attempted to pass until the turning maneuver had been completed. On the other hand, reasonable minds might well conclude that plaintiff's violation of the statute merely placed her in a position to be injured as the proximate result of the violation of another statute by the driver of the truck. If so, her negligence would not be regarded as a proximate cause and would not bar a recovery. 38 Am. Jur., Negligence, Section 13, p. 898.

" 'An act of the plaintiff, although unlawful, does not place him outside the protection of the law as to an injury sustained by him through the negligence of another, unless the unlawful act has some causal connection with the injury. Accordingly, no exception to the rule that contributory negligence must contribute proximately to the injury sustained by the plaintiff in order to constitute a defense in his action for negligence is made for the fact the plaintiff's negligence consists in the violation of a statute or ordinance. Clearly, where the defendant was guilty of violating a statute or ordinance at the time when he negligently injured the plaintiff who was then

committing the same violation, there is no cause for the defendant to escape liability if the plaintiff's negligence was not a contributing cause of the injury * * *. If the injured person's violation of an ordinance did not directly contribute to the injury, his unlawful conduct is not a defense to his action, even if he would not have been injured if he had not violated the ordinance. The distinction is between that which directly and proximately produces or helps to produce a result as an efficient cause and that which is merely a necessary condition or attendant circumstance of it.' 38 Am. Jur., 899, Negligence, Section 214.

"The foregoing text statements are in accord with numerous cases in this State, the last of which is Standridge v. Godsey, 189 Tenn. 522, 532, 226 S. W. (2d) 277, 281, where the court, speaking through Mr. Chief Justice Neil said:

" 'If we should concede that the deceased was violating the law of the road, which is negligence per se, there remains the question of whether or not his fault was the proximate cause of the accident. By the weight of authority the contributory negligence of the plaintiff in violating the law of the road, or municipal ordinances regulating traffic, is not a complete defense unless it contributes to the accident as the proximate cause. Whether or not his fault was the proximate cause of the accident was for the jury. Vol. 1, p. 117, Foundations of Legal Liability (Street); Catron v. Birchfield, 159 Va. 60, 165 S. E. 499; Corcoran v. Pacific Auto Stages, 116 Cal. App. 35, 2 P. (2d) 225. We are constrained to hold that

the trial judge was in error in directing a verdict for the defendant.'

"Other cases in accord and involving violations of statutory traffic regulations by the plaintiff and re-lied upon as barring contributory negligence include Holt v. Walsh, 180 Tenn. 307, 174 S. W. (2d) 657, and cases there cited; Sutherland v. Keene, 29 Tenn. App. 303, 203 S. W. (2d) 917; Atchley v. Sims, 23 Tenn. App. 167, 169, 128 S. W. (2d) 975."

In Standridge v. Godsey, 1949, 189 Tenn. 522, 226 S. W. (2d) 277, Chief Justice Neil re-affirms the holding of Donaho v. Large but stated that in Donaho v. Large "* * the conclusion was inescapable that the defendant in driving his truck upon the highway was guilty of no neg-ligence whatever."

In the recent unreported case of Howard Law and Coca Cola Bottling Co. v. R. M. Ross and wife, Mrs. Lillie M. Ross, from Madison Law, this court in an opinion pre-pared by this member held that the plaintiff, Mrs. Lillie M. Ross, was guilty of proximate contributory negligence as a matter of law barring her recovery when she ran a stop sign in the City of Jackson, Tennessee. Mrs. Ross failed to see the stop sign because she and her husband were looking for a certain house number on the street where they had been invited to have lunch. Mrs. Ross drove out into a through street and was struck by an automobile being driven by the defendant, Howard Law, in excess of the speed limit. Mrs. Ross never saw the car which struck her. The Supreme Court granted cer-tiorari and on May 8, 1958, in an opinion by Justice Tom-linson, reversed this court saying that it was for the jury to determine whether the negligence of Mrs. Ross in fail-

ing to observe the stop sign contributed directly to her injuries.

■ Upon the authority of Adams v. Brown, supra, and the other cases cited therein, we feel constrained to hold that His Honor the Trial Judge was in error in holding the deceased, Jerry Chandler, to have been guilty of contributory negligence as a matter of law and in directing a verdict in favor of the defendant.

The assignments of error will be sustained, the judgment of the lower court will be reversed and the cause remanded for a new trial. The defendant-in-error is taxed with the costs of this appeal in error.

Avery, P. J. (W. S.), and Bejach, J., concur.