**James R. COPE, Plaintiff-Appellee,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant-Appellant.**

**No. 19019.**

United States Court of Appeals Sixth Circuit.

June 3, 1969.

Dawson Hall, Chattanooga, Tenn., for appellant.

Robert W. Hill, Jr., Chattanooga, Tenn., for appellee.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and GORDON*, District Judge.

PER CURIAM.

In the night time, on the third of November, 1965, the plaintiff, operating his automobile at 15 to 20 mph in a thick fog, drove into the side of the appellant's train, which at the time was crossing a public thoroughfare familiar to the plaintiff outside of the limits of the city of Chattanooga, Tennessee. Plaintiff sustained personal injuries and damages to his automobile, and sued for both. In the presentation of his case, plaintiff's evidence disclosed that following the impact he saw, for the first time, a railroad employee with a lantern who orally indicated to the plaintiff that he had been in the roadway to wave down vehicle traffic, but had been forced to jump, in the interest of his own safety, out of the roadway "when he seen me coming".

At the conclusion of the plaintiff's proof, the defendant railroad stood on its motion for a directed verdict which was overruled by the trial court upon the theory that where, as here, the railroad assumes the duty, without legal obligation so to do, and places a flagman at a crossing, the flagman must perform his duties with due care, and that it was the jury's function to say whether or not such duties were so performed, thereby distinguishing this factual situation from the holdings in Tennessee Central Railway Company v. Schutt, 2 Tenn.App. 514, and King v. Tennessee Central Railway

---

* Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation.

Company, 36 Tenn.App. 192, 253 S.W.2d 202.

Upon certain interrogatories, the jury found the plaintiff guilty of no negligence and the railroad guilty of both ordinary and gross negligence, and awarded damages.

We reverse. We find the evidence to be insufficient to support the jury verdict of either ordinary or gross negligence on the part of the appellant railroad. It violated no duty, company rule or custom. Plaintiff-appellee, who had no knowledge of a flagman's presence until after the accident, did not act in any way in reliance upon the flagman's directions. Where the injured party had no knowledge of nor any reasonable grounds to expect a flagman at the crossing, the legal principles involved are the same as if no flagman was present, and thus no duty was violated.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby reversed, and the case is remanded to the District Court with instructions to dismiss the complaint.