**Ernest E. FRANKENBERG, Plaintiff-Appellee,**

v.

**SOUTHERN RAILWAY COMPANY, Defendant-Appellant.**

**No. 19566.**

United States Court of Appeals,
Sixth Circuit.

April 23, 1970.

Clyde W. Key, Knoxville, Tenn., for defendant-appellant.

Frank H. Marsh, Jr., Knoxville, Tenn., for plaintiff-appelle; Roger Thompson, Knoxville, Tenn., on brief.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

McCREE, Circuit Judge.

Defendant Southern Railway Company appeals from a judgment entered on a jury verdict of $10,000 in a personal injury action. The sole issue is whether plaintiff-appellee, as a matter of law, was barred from recovery by contributory negligence. Federal jurisdiction exists because of diversity of citizenship, and Tennessee law applies.

The accident out of which this litigation arises occurred when appellee Frankenberg's automobile collided with a train at a railroad crossing in Bulls Gap, Tennessee, at about 2 a. m. on November 24, 1967. Approximately a half hour before, employees of Southern Railway had left a train parked on its tracks at the crossing of Sycamore Drive, so that a gondola car totally blocked the roadway. The night was foggy and damp, and the crossing was not illuminated in any way. Frankenberg, who was a lifelong resident of Bulls Gap and was familiar with the crossing, did not see the train until his car was about 40 feet from the crossing at a point where the road dips about 4 to 5 feet. He then applied his brakes, but was unable to stop in time to prevent the collision in which he was injured.

It is not contended that there was insufficient evidence to support the jury's finding that the railroad was negligent. Whether plaintiff was guilty of contributory negligence barring any recovery as a matter of law is a more difficult issue.

The railroad contends that this issue should be resolved in its favor on the authority of King v. Tennessee Central R. Co., 36 Tenn.App. 192, 253 S.W.2d 202 (1952), which it cites for the proposition that a driver aware of the location of a railroad crossing must, under pain of being barred from recovery by contributory negligence, proceed in a manner which will enable him to stop without colliding with a train which may be obstructing the intersection. The District Judge denied motions for a directed verdict and judgment n. o. v. which presented this contention. We hold that he did not err in so doing.

The proposition for which the railroad cites *King* is only one of the alternate bases for the Tennessee court's decision. The result in that case was also based on the defendant's freedom from negligence as a matter of law, and *King* has been cited by this Court for that proposition. Cope v. Southern Ry., 410 F.2d 1146 (6th Cir. 1969). Whether the principle which the railroad relies on should be considered dictum presents some difficulty for a federal court seeking to apply Tennessee law. A Tennessee court cited the contributory negligence pronouncement of *King* in Strickland Transp. Co. v. Douglas, 37 Tenn. App. 421, 264 S.W.2d 233 (1953), but only to reject its application in a different fact situation. No case decided by the Tennessee Supreme Court, and no other cases decided by the Tennessee Court of Appeals, have been brought to our attention, nor has our research disclosed any Tennessee authority approving the *King* doctrine which defendant asserts controls this case.

■ Moreover, *King* does not consider remote contributory negligence, a doctrine apparently peculiar to Tennessee, which permits a diminished recovery in some cases even when a plaintiff is found contributorily negligent. In Tennessee, proximate contributory negligence bars recovery; remote contributory negligence only mitigates damages. *See, e. g.*, Mahoney v. United States, 220 F.Supp. 823, 826 (E.D.Tenn.1963), aff'd 339 F.2d 605 (6th Cir. 1964); Spain v. Livingston, Tenn.App., 440 S.W.2d 805, 808 (1968); Chandler v. Nolen, 50 Tenn.App. 49, 359 S.W.2d 591 (1961); Adams v. Brown, 37 Tenn.App. 258, 262 S.W.2d 79 (1953).

■ Here the District Judge instructed the jury that:

[r]emote contributory negligence does not operate as a complete bar to recovery by the Plaintiff, but it does operate to reduce the amount which the Plaintiff would have been entitled to recover had he been completely without fault. Remote contributory negligence is that negligence which is too far removed as to time or place or causative force to be the direct and immediate cause of the accident, although it can be seen that the accident would not have occurred otherwise. Where negligence is continuing and operating as a causative force at the moment of the accident, it is proximate and not remote. This rule as to remote contributory negligence applies only to the Plaintiff. Its effect, as stated, being to reduce recoverable damages, has no application to a Defendant, so as to impose some but not full liability.

His instruction followed the language of the Tennessee decisions, and his submission to the jury of the issue of contributory negligence is in accord with the rulings of this Court. *E. g.*, Coursey v. Morgan Driveway, Inc., 366 F.2d 504, 506 (6th Cir. 1966), citing Tiffany v. Shipley, 25 Tenn.App. 539, 161 S.W.2d 373 (1941). The Tennessee courts have consistently held that whether contributory negligence, if any, was proximate or remote is a proper question for the jury. Standridge v. Godsey, 189 Tenn. 522, 226 S.W.2d 277 (1949); Chandler v. Nolen, 50 Tenn.App. 49, 359 S.W.2d

591 (1961); Adams v. Brown, 37 Tenn. App. 258, 262 S.W.2d 79 (1953); Tiffany v. Shipley, 25 Tenn.App. 539, 161 S.W.2d 373 (1941). We assume that the jury followed the instructions of the District Judge, since the verdict, which awarded plaintiff about one-fifth of the damages sought, is consistent with a finding of remote contributory negligence.

The judgment of the District Court is affirmed.