**Ernestine REID and Walter Reid, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 20994.**

United States Court of Appeals, Sixth Circuit.

Sept. 2, 1971.

---

Larry E. Parrish, Memphis Tenn. (Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., on the brief), for appellants.

I. H. Murphy, Memphis, Tenn., for appellees.

Before WEICK, PECK and McCREE, Circuit Judges.

McCREE, Circuit Judge.

■ This is an appeal from a judgment for $3,500 rendered by the United States District Court for the Western District of Tennessee under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The case arises out of a collision between an automobile driven by plaintiff Ernestine Reid and a postal vehicle driven by John Spight, a United States Post Office employee. The District Court determined that Spight had been negligent and that the Government was liable. After a review of the record and the findings of fact and conclusions of law made by the District Court from the bench, we hold that the verdict is supported by the evidence and we affirm the District Court's judgment.

The accident occurred on the morning of December 14, 1966, in Memphis, Tennessee. Mrs. Reid made a left turn from Arrington Street, a side street, onto the northbound lanes of Thomas Street, a four-lane main thoroughfare. About 100 feet north on the right was a Post Office Substation, just to the south of which was a driveway extending from the Post Office parking lot toward Thomas Street. To the south of the driveway was a cafe, and in front of it, parked in a no parking zone, was a large dairy truck about eight feet high.

As Mrs. Reid began driving in the inside (or center) northbound lane of Thomas Street, Spight was preparing to make a left turn from the Post Office parking lot driveway onto Thomas Street to proceed south. Spight's view was obstructed by the dairy truck parked on his left, and he drove into Thomas Street apparently to see whether the way was clear. Because the front of the postal vehicle projected about three feet ahead of the cab, in order to look to the south, Spight had to pull far enough into Thomas Street to partially block the inside northbound lane in which Mrs. Reid's car was travelling. Once in that position, Spight stopped and the two vehicles collided. Mrs. Reid suffered injuries, none of which the District Court found to be permanent. There is no cross appeal questioning the adequacy of the verdict.

The parties remain in some dispute concerning the facts. The Government apparently argues that Spight pulled out of the driveway before Mrs. Reid made her turn onto Thomas Street. Accordingly, it contends that since Spight was already well into the street, Mrs. Reid had a duty to avoid him. But the District Court found that "[a]t the time Mr. Spight pulled out Mrs. Reid was already a motorist on Thomas Street". There is evidence to support this find-

ing, and we may not disturb it. The Government also argues that Mrs. Reid saw Spight's postal vehicle as she was proceeding up Thomas Street, and she should therefore have been able to avoid it. Our examination of the record shows that Mrs. Reid's testimony on this point is somewhat confusing, but it appears that the postal vehicle she testified she saw before the collision was in the parking lot, and not on the street. The District Court in its oral opinion stated:

> At the time that he suddenly pulled out in the street, and it doesn't make any difference whether Mrs. Reid saw the parked truck before the defendant's driver pulled out, because she couldn't have seen him if she didn't see the parked [dairy] truck.

In other words, the Court observed that the dairy truck was as much an obstruction to Mrs. Reid's view of Spight's postal vehicle, once it was driven out of the parking lot, as it was to Spight's view of the traffic on Thomas Street. His finding that the vehicle which Mrs. Reid admitted seeing as she was making the turn was parked in the Post Office parking lot is supported by the evidence, and we will not upset this finding as clearly erroneous.

The substantive law of Tennessee of course governs this action. 28 U.S.C. § 1346(b). The Government argues that the District Court erred both in finding Spight culpably negligent and in finding Mrs. Reid not guilty of proximate contributory negligence. We consider the arguments in order.

> The basic rule in Tennessee is that negligence consists of the failure to do what a reasonable and prudent person would ordinarily do under the circumstances of the situation * * * and [if] this negligence was the proximate and direct cause of the injuries and damages sustained by the plaintiffs, the defendant [is] liable.

Groce Provision Co. v. Dortch, 49 Tenn. App. 57, 350 S.W.2d 409, 413 (1961).

The District Court applied the law in the following words:

> But the Court finds he [Spight] was negligent under the common law in that he positioned his car in the inside lane, or the lane next to the curb to see in the circumstances, and thereby was negligent under the common law. * * *

> He by his own testimony, did nothing to avoid the collision from that point on. He did not honk his horn; he did not look to see if he could back up; he merely sat there and let her maneuver through a left turn with all the demands that were made on her in making the left turn and watching for other traffic, and he did nothing.

We hold that the District Court's conclusion that Spight's action—or inaction—did not comport with the behavior of a reasonable person under the circumstances is not erroneous. Wilkins v. Sawyer, 232 Cal.App.2d 458, 42 Cal. Rptr. 817, 821 (1965), and Coleman v. Byrnes, 34 Tenn.App. 680, 242 S.W.2d 85, 89 (1950), cited by the Government, are not apposite since in those cases the defendants did not have time and opportunity to take action which might have prevented a collision. Here, the District Court found that Spight's failure to take steps to avoid the collision was negligence and contributed proximately to the accident.

The second issue is whether Mrs. Reid is barred from recovery by contributory negligence. The District Court's findings were as follows:

> Mrs. Reid, on the other hand, due to the situation existing, was operating in the lane in which she was entitled to operate. There was no evidence of any excessive speed, and this Court finds that there was no duty on her part to stop. The Court finds that the Spight vehicle was in the inside lane and that she did not have a duty to maneuver to avoid it under the circumstances. Timing was important, and she had the right-of-way and he had the hazard and the greater cau-

tion. The greater the hazard the greater the duty of care. * * *

She was not guilty of proximate contributory negligence, therefore we must go to the element of damages. The Government argues that in similar circumstances, courts have directed verdicts for the defendant, citing Kelly v. United States, 230 F.Supp. 118 (W.D. Ark.1964); Hunt v. United States, 432 F.2d 208 (9th Cir. 1970). But these cases are factually distinguishable. The *Kelly* court held that the plaintiff had been operating his car at an unsafe speed and had not "kept an efficient lookout," 230 F.Supp. at 125. In this case, there was no evidence of excessive speed, and Mrs. Reid's view was obstructed by the dairy truck. *Hunt* involved a railroad grade crossing accident, where the driver's view of the train was unobstructed, and the court held that if the driver had been driving at a reasonable speed he should have had plenty of room to stop. 432 F.2d at 210.

■ Moreover, the cases on contributory negligence cited by the Government were not decided under Tennessee law, and in Tennessee contributory negligence is not necessarily a bar to recovery. As this court stated in a recent case:

> In Tennessee, proximate contributory negligence bars recovery; remote contributory negligence only mitigates damages. [Citations omitted].

Frankenberg v. Southern Ry., 424 F.2d 507, 508 (6th Cir. 1970). The District Court was obviously aware of this distinction when he held that Mrs. Reid "was not guilty of *proximate* contributory negligence." (Emphasis added.) If she were, that would end the matter; but if, as the District Court determined, she were not, then the question of damages would be presented. And that is precisely what the District Court went on to consider. Taking the District Court's statement as a conclusion that Mrs. Reid was chargeable with, at most, remote contributory negligence, we cannot say that the District Court erred.

As *Frankenberg* and the cases cited therein indicate, the distinction between proximate and remote contributory negligence is of a subtle if not gossamer quality, peculiarly suitable for determination by the trier of fact, who has the opportunity to observe the demeanor of the witnesses and to obtain a close acquaintance with the physical facts of the case. On this record, we will not upset the District Court's conclusions. The judgment of the District Court is affirmed.