### J. B. BRIGGS v. CLAWSON BROTHERS and NASHVILLE TRUST COMPANY, TRUSTEE.

Middle Section.  June 26, 1926.

No petition for Certiorari was filed.

1. **Appeal and error.  Appeal lies only from a final judgment.**
An appeal will not lie from an order of the trial court overruling a motion for a new trial but lies only from the final judgment of the court.

2. **Appeal and error.  Where judgment is set aside by trial court and is not re-entered, an appeal will not lie.**
In an action where judgment was entered by the trial court and then set aside and the parties given leave to file a motion for a new trial and the judgment was not re-entered but appeal taken from the order of the court overruling the motion for a new trial, held that there was no judgment from which an appeal would lie and the case should be remanded in order that judgment might be entered.

Appeal in Error from Circuit Court, Williamson County; Hon. J. C. Hobbs, Judge.

Dismissed and remanded.

Ed. T. Seay, of Nashville, and P. E. Cox, of Franklin, for plaintiffs in error, Nashville Trust Co. et al.

J. C. Eggleston, and W. J. Smith, of Franklin, for defendant in error, Briggs.

CROWNOVER, J.  This case is not styled correctly in this court. It should be styled Clawson Brothers and Nashville Trust Company, et al., Plaintiffs in error, v. J. B. Briggs, defendant in error, but for convenience we will treat the case as styled in the court below.

This was an attempted appeal in error from a judgment of the circuit court for $627.50, damages, entered on January 6, 1926.

Subsequent to the entry of the original judgment, on motion of the defendants and to the end that defendants might move the court for a new trial, the judgment theretofore rendered was set aside and vacated and it was ordered that same be for nothing held, and the defendants moved the court for a new trial as set out in the record.  The defendants' motion for a new trial was over-

ruled by the trial court, and the defendants thereupon prayed an appeal in error to this court, which was granted on condition that defendants file an appeal bond, which was done, and the defendants were given sixty days in which to prepare and file a bill of exceptions. Defendants filed a bill of exceptions within the time granted and the transcript of the record has been filed in this court. Assignments of error have been filed here for the defendants; but upon an examination of the record, we find that we have no jurisdiction of the case because the appeal was premature.

It is too well settled in this State to need citation of authority that an appeal from a circuit court in a law case lies only from a final judgment. As seen from the foregoing history of the case, the judgment was rendered but was subsequently set aside and vacated, and no judgment was thereafter rendered or entered so far as appears from the record. There can be no appeal without a judgment. See Butcher v. Palmer, 4 Cold., 248; Sharp v. State, 117 Tenn., 537.

An appeal will not lie from the order of the trial court overruling a motion for a new trial. Railroad v. Ray, 124 Tenn., 16, 28.

This identical question was raised and passed upon by this court in an opinion by Judge Faw in the case of Carolina, Clinchfield & Ohio Railway, et al., v. Lawson, Washington Law, filed at Knoxville on August 16, 1919. All the authorities were thoroughly reviewed in that case and it is not necessary to again review them here. The court held in that case that where the judgment had been set aside and vacated for the purpose of considering a motion for a new trial, that it was necessary upon overruling the motion for a new trial to again enter the judgment on the minutes of the court below.

It results that the present appeal must be dismissed because premature and the case will be remanded to the circuit court of Williamson county for the entry of the judgment. On remand of the case, a proper judgment may be entered from which an appeal in error will lie; so that the only necessary effect of the dismissal of the present appeal need be only to delay the hearing, which we regret, but which, in our view of the law, we are powerless to prevent.

The order will be entered dismissing the appeal of the defendants and remanding the cause to the circuit court of Williamson county. The defendants having procured the transcript to be made up and filed in this court, will pay the cost of the transcript and the cost accrued in this court, for which execution may be awarded.

In examining the record we see that the minute orders and copy of the original judgment that had been vacated were copied in the bill of exceptions. The minute entries are a part of the record without a bill of exception. The record proper consists of the process,

the pleadings, the entries on the minutes, including the judgment, all cost bonds and appeal bonds, and the bill of cost. The office of the bill of exceptions is to put in proper form and to bring into the record that which transpires during the trial of the cause and which is no part of the record proper; hence, the record proper should not be copied into the bill of exceptions. The authorities on this proposition are thoroughly reviewed in an opinion by Judge Faw in the case of Dock Cobble v. International Agricultural Corporation, Maury County Law, filed at the September term, 1925, at Nashville. It was held in that case that it was error to copy the judgments, orders, and minute entries into the bill of exceptions.

Faw, P. J., and DeWitt, J., concur.