ATCHLEY v. SIMS.—128 S. W. (2d), 975.

Easter Section. December 17, 1938.

Petition for Certiorari denied by Supreme Court, April 1, 1939.

168

O. M. Connatser, of Sevierville, and T. C. Drinnen, of Maryville, for plaintiff in error.

A. M. Paine, B. A. Townsend, and Robertson & Wynn, all of Sevierville, for defendant in error.

McAMIS, J.   This action arose out of an automobile collision which occurred within the corporate limits of the Town of Sevierville on September 11, 1937.   Both parties sustained personal injuries and both automobiles were damaged.

Sims instituted suit in the Circuit Court of Sevier County on October 27, 1937, charging that defendant Atchley negligently and carelessly operated his automobile from a side road upon a main thoroughfare known as State Highway Number 35 and attempted to make a left hand turn without stopping or giving any signal to warn plaintiff who was driving his automobile upon Highway 35 approaching defendant from defendant's left.   It was further charged by an amendment to the declaration that defendant was operating his automobile at the time of the collision in violation of a public ordinance of the Town of Sevierville prohibiting the operation of automobiles at a rate of speed in excess of thirty miles per hour.

The case  for defendant Atchley, set up by a plea of not guilty to the declaration of Sims and a cross-action in his own behalf against Sims, is to the effect that Atchley approached said highway on which

Sims was traveling at a speed of about ten miles per hour; that he looked to his left before entering said highway and saw Sims a distance of approximately three hundred feet away; that he believed he had time to cross said highway and in fact had succeeded in doing so when Sims who, according to the proof introduced by Atchley, was traveling at a speed of from forty-five to fifty miles per hour in violation of said City ordinance, negligently and unlawfully operated his said automobile upon the left side of the highway in the direction in which he was going causing it to collide with the Atchley car near the curb on that side of the highway.

The proof is conflicting as to the speed of the two cars and their positions upon the highway at the time of the collision. The trial court submitted to the jury the issue of defendant Atchley's negligence in the original action but after the defendant Atchley had testified that he did not stop before entering upon Highway 35, upon its own motion, in the absence of the jury, stated that Atchley was guilty of contributory negligence as a matter of law in so doing and that his cross-action would stand dismissed. Atchley was not permitted to introduce further proof to establish his alleged cause of action. The jury returned a verdict in favor of Sims for $2,500 which was approved by the trial judge subject, however, to a remittitur of $500 and judgment was accordingly entered for $2,000. From this judgment Atchley has appealed in error to this court and assigned errors by which he insists that there is no evidence to support the verdict of the jury; that the evidence preponderates against the verdict; that the verdict is excessive; that the court erred in dismissing the cross-action without permitting him to develop his case by the introduction of proof; and that the court erred in declining two special requests tendered in his behalf.

Counsel for Sims have moved the court to dismiss the appeal because it is an appeal from the action of the court in overruling the motion for a new trial and not from the judgment itself. The cases of Louisville & N. Railroad Co. v. Ray, 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910; Cobble v. International Agricultural Corp., 2 Tenn. App., 356; and Briggs v. Clawson Bros., 3 Tenn. App., 146, are relied upon in support of this motion.

The judgment and the order of the court overruling the motion for a new trial are incorporated in a single minute entry concluding with the following: "To which action of the court the defendant accepts and prays an appeal to the next term of the Court of Appeals at Knoxville, Tennessee; which appeal is granted, etc." Although the judgment itself is contained in a separate and preceding paragraph from the language we have quoted, we think the exception preserved and the appeal prayed by the defendant may be taken to relate to the judgment preceding the praying and granting of an appeal as well as to the order overruling the motion for a new trial. The action of

the court excepted to and from which an appeal is prayed is not limited to the court's action in overruling the motion for a new trial and, for this reason, we think the cases cited are not controlling. The motion is, accordingly, overruled.

Counsel for Atchley have also moved the court to strike a purported copy of the Town Ordinance of the Town of Sevierville providing a speed limit of thirty miles per hour. This motion must be sustained for the reason that the paper referred to does not appear to have been filed in the court of trial.' It is identified by the trial judge but upon what date and whether within the time allowed does not appear. However, the striking of this document does not affect the result upon this appeal for the reason that both parties alleged the existence of such an ordinance and predicated their cases thereon. It is unnecessary to prove what is admitted in the pleadings of an adversary and, for this reason, the bill of exceptions is not incomplete in any material respect by reason of striking this paper from the record.

We consider first the assignment that the court erred in dismissing the cross-action and in declining to permit the introduction of evidence establishing the cross-action. It is insisted that this action of the court was a denial of the right of trial by jury and an invasion of the proper province of the trial jury. We think this assignment must be sustained.

In this State the practice of compelling the plaintiff to take a nonsuit or dismiss his action because of a lack of evidence to support it, a jury having been demanded, is not recognized. Scruggs v. Brackin, 12 Tenn. (4 Yerg.), 528; Bacon, etc., v. Parker, 2 Tenn. (2 Overt.), 55; Hunter v. Sevier, 15 Tenn. (7 Yerg.), 127, 134; Littlejohn et al. v. Fowler, 45 Tenn. (5 Cold.), 284, 288; Hopkins v. Nashville, C. & St. L. Railroad, 96 Tenn., 409, 445, 34 S. W., 1029, 32 L. R. A., 354; Ferry Companies v. White, 99 Tenn., 256, 41 S. W., 583.

Such a proceeding violates the right of trial by jury. Littlejohn v. Fowler, supra; Hopkins v. Nashville, C. & St. L. Railroad, supra.

The proper practice is to permit a full development of the proof and if the plaintiff fails to make out a case to direct a verdict at the conclusion of the proof. By this practice the right of trial by jury is preserved and the appellate court, in event of an appeal, may determine the propriety of the court's action in directing a verdict. We are unable to accede to the insistence that, if erroneous, the action of the court here complained of was harmless and that the case should be affirmed under the rule that an appellate court will not reverse for harmless error. Cross-plaintiff was embarrassed by this action of the court in developing his case and his cross-action thereafter ignored in the further introduction of evidence and in the charge of the court. We are unable to say that the final result of the trial was not affected.

Moreover, as we have already observed, the evidence was conflicting and if we treat the court's action in dismissing the cross-action as being equivalent to a directed verdict in favor of the cross-defendant, the case would have to be reversed and remanded for a trial before the jury upon this conflicting evidence. The assignments directed to this action are accordingly sustained.

■■ The assignments that there is no evidence to support the verdict of the jury and that the evidence preponderates against the verdict of the jury are overruled. The assignment that the evidence preponderates against the verdict does not present a matter for the consideration of this court and, as we have seen, there is material evidence to support a finding that Atchley was guilty of negligence. However, since the case will have to be remanded for a joint trial upon both the original and the cross-action, it is deemed improper and unnecessary to discuss the evidence at length for the purpose of indicating any view this court might have with respect to the merits.

■ The sixth assignment of error is that the court erred in refusing to charge defendant's request number one, as follows:

"One has a right to assume that an automobile is being driven at a lawful rate of speed; hence the driver of an automobile is not guilty of negligence because he turns at a street intersection into the path of an approaching car which he saw at a distance sufficient to permit a safe crossing, if the approaching car was being driven at a legal rate of speed."

The substance of this charge appears to have been given in the general charge and the assignment is overruled.

■■ The court charged the jury that an automobile being operated upon a main highway has the right of way over one coming from a side road simultaneously arriving at the intersection. The proof shows that Highway 35 was not designated by the authorities as a main traveled or through highway by the erection of signs notifying drivers of vehicles to come to a full stop before entering or crossing said highway. For this reason Code Section 2689 did not apply and we think the second special request calling this to the attention of the jury should have been given in charge. While we think the driver of a vehicle familiar with conditions at the intersection of a side road and a main thoroughfare might, irrespective of the statute, be guilty of negligence in not stopping before entering upon the highway, whether such an act would be negligent would present a matter for the jury to determine under all the facts and circumstances.

To the extent and for the reasons indicated the seventh assignment of error is sustained.

Remand for a new trial with costs taxed to defendant in error.

## On Petition to Rehear.

Counsel for J. Carroll Sims have petitioned the court for a rehearing upon the ground that the court overlooked the fact that cross-plaintiff failed to indicate his intention of making a left turn as required by Chapter 245, Acts of 1937, Sec. 2(c) Paragraph 9 and was, therefore, guilty of negligence per se. For this reason it is insisted the court's action in peremptorily dismissing the cross-action without permitting cross-plaintiff to introduce proof establishing his alleged cause of action amounted to a harmless error for which this court should not reverse.

As pointed out in the original opinion cross-plaintiff testified that when he entered the highway cross-defendant was 300 feet away and that he had succeeded in making the turn when he was struck by cross-defendant on the latter's left side of the highway. Under these facts it was for the jury to say whether the failure to give the signal was the sole or a proximately contributing cause of the collision and cross-plaintiff was entitled to develop his case and have it submitted to the jury under a correct charge. We adhere to our original opinion that because of the dismissal of his action and for error in the charge, the case must be remanded for a new trial.

In addition to what has been said, it might be observed that cross-defendent made no motion for peremptory instructions at the conclusion of the evidence and since compelling a non-suit is unknown to our practice, there is nothing upon which this court may act upon appeal, and, for that reason according to established practice, the case will have to be remanded for a new trial.

The petition to rehear must, accordingly, be denied.