COFFEE et al. v. LOGAN (two cases).—262 S. W. (2d) 82.

Eastern Section. July 27, 1953.

Petition for Certiorari denied by Supreme Court, October 9, 1953.

Frank N. Branton, of Athens, for plaintiff in error.

Jack Johnson, of Athens, for defendants in error.

McAMIS, P. J.   Mr. and Mrs. Lloyd Logan sued Herbert Coffee and Elmer Plemons for personal injuries sustained when they were struck by an automobile driven by Plemons as they walked across Jackson Street in the City of Athens at about 8:30 P. M., September 25, 1952. The two cases, tried together, resulted in a directed verdict in each case in favor of the defendant Herbert Coffee and verdicts and judgments in favor of Mr. and Mrs. Logan in the respective amounts of $6,200 and $300 against Plemons.   Plemons has appealed in error insisting: (1)   There is no material evidence of negligence on his part, (2)   Plaintiffs were guilty of proximate contributory negligence in deviating from an established crosswalk.

Jackson Street, running north and south and paved to a width of 60 feet, is intersected at right angles by Main Street.   Traffic at the intersection is controlled by an overhead light signal.   Prior to the date of the accident, the City of Athens had established a crosswalk six or seven feet in width and marked it by white lines leading from the northeast corner of the intersection to the northwest corner.   At the curb line at the Western terminus of the crosswalk and two or three inches below the level of the pavement, the City had constructed a grilled water drain.

Mr. and Mrs. Logan, approaching the intersection from the east, stopped at the curb line at the northeast corner of the intersection in observance of a red traffic light. When the light turned green, favoring traffic and pedestrians moving east and west and at the same time halting traffic on Jackson Avenue moving north and south, they entered the crosswalk at its eastern terminus and had reached a point approximately ten feet from the curb on the opposite end of the crosswalk when they were struck by the car driven by Plemons.

Plemons, it appears, approached the intersection from the west at a speed, according to plaintiffs' evidence, of 30 miles per hour. Without proceeding to the center of the intersection he "cut the corner" in making a left turn into Jackson Street and thus, according to abundant credible evidence, was traveling north on Jackson Street on his left-hand side. He did not see plaintiffs because of the blinding lights of an automobile which had proceeded from north to south on Jackson Street and stopped on the west side of Jackson Street with its front wheels on the northern line of the crosswalk. Finding the crosswalk partially blocked by the automobile, and to avoid stepping around or over the drain, plaintiffs had decided to pass to the rear of the parked automobile and, walking within 3 feet of the eastern side of the parked automobile, they had proceeded north a distance of only 4 or 5 feet when they were struck by defendant's automobile. The impact knocked them a distance of about 15 feet and they were picked up near the center of Jackson Street.

The declarations charge that when plaintiffs were struck the defendant was driving on the wrong side of Jackson Street and in violation of a municipal ordinance of the City of Athens limiting the speed of automobiles at the intersection and on Jackson Street to 15 miles per

hour. There is abundant evidence to support a jury finding in plaintiffs' favor on both of these charges of negligence.

It is insisted, however, that both plaintiffs were guilty of negligence per se in deviating from the crosswalk, it is said, in violation of Section 2700.8(c) of the 1950 Supplement to the Code providing:

"The driver of any vehicle upon a road, street, or highway within a business or residence district shall yield the right of way to a pedestrian crossing such road, street or highway, within any clearly marked crosswalk or any regular pedestrian crossing including the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a road, street or highway within a business or residential district at any point other than a pedestrian crossing, crosswalk, or intersection, shall yield the right of way to vehicles upon such road, street or highway."

Conceding that there was sufficient space for plaintiffs to have walked in front of the automobile partially blocking the crosswalk, and that in deviating from it they may have forfeited, technically, the right of way which, otherwise, they would have had over vehicular traffic, can we say as a matter of law that such deviation was the proximate cause of the accident? We had this question in Seahorn v. Karr, 35 Tenn. App. 38, 242 S. W. (2d) 331, but pretermitted it in holding that a pedestrian 42 feet from a crosswalk could not be found by a jury to be within a crosswalk entitling him to the right of way over vehicular traffic.

In Purser v. Thompson, 31 Tenn. App. 619, 219 S. W. (2d) 211, the defendant was charged with having defec-

tive brakes which caused him to lose control of his car and strike plaintiff's intestate as he walked across the street at or near a street intersection. While the statute here invoked was not involved, it appeared that the intestate was crossing at a point ten feet from the intersection and it was held that a jury question as to proximate cause was presented.

In Watson v. Parker, Hamilton Law, Tenn. App., (unreported), decided March 20, 1952, certiorari denied June 7, 1952, a violation of the statute here invoked was claimed by the defendant motorist to result from a deviation from the crosswalk to avoid a crowd of people waiting for a bus. In rejecting defendant's insistence Judge Hale there said:

"By the laws of the State and the ordinances of the City of Chattanooga, pedestrians are required to yield the right of way to motorists at unauthorized crossings. If we assume, altho it is not decided, that a slight variation from the cross-walk in order to get around people massed at the terminus constitutes negligence, then the question of proximate cause is for the jury, unless there was no room for a difference of opinion among reasonable minds.

"As we see it the jury could have well concluded the proximate cause of the accident was the excessive speed of the defendant at a time when his perceptions and reflexes were dulled by alcohol."

In Standridge v. Godsey, 189 Tenn. 522, 226 S. W. (2d) 277, 280, the defendant motorist relied upon the violation of Code Section 2687 (d, e) by plaintiff's intestate, a pedestrian, as contributory negligence barring recovery. The statute there invoked is more than a right of way statute. It requires pedestrians to walk on the "extreme left side or edge of the left hand traffic lane, so that they

will be facing oncoming traffic at all times.'' In considering the effect of a violation of the statute Chief Justice Neil, in dealing with the question of proximate cause, there said:

''If we should concede that the deceased was violating the law of the road, which is negligence per se, there remains the question of whether or not his fault was the proximate cause of the accident. By the weight of authority the contributory negligence of the plaintiff in violating the law of the road, or municipal ordinances regulating traffic, is not a complete defense unless it contributes to the accident as the proximate cause. Whether or not his fault was the proximate cause of the accident was for the jury. Vol. 1, p. 117, Foundations of Legal Liability (Street); Captron v. Birchfield, 159 Va. 60, 165 S. E. 499; Corcoran v. Pacific Auto Stages, 116 Cal. App. 35, 2 P. (2d) 225. We are constrained to hold that the trial judge was in error in directing a verdict for the defendant.''

Other cases in accord and involving violations of statutory traffic regulations relied upon as barring recovery include Holt v. Walsh, 180 Tenn. 307, 174 S. W. (2d) 657, and cases there cited; Sutherland v. Keene, 29 Tenn. App. 303, 203, S. W. (2d) 917; Atchley v. Sims, 23 Tenn. App. 167, 169, 128 S. W. (2d) 975.

▇ The statute here involved, as we construe it, does not undertake to outlaw pedestrian crossings between crosswalks. As said by Presiding Judge Anderson in De Rossett v. Malone, 34 Tenn. App. 451, 467, 239 S. W. (2d) 366, 373:

''Taken literally, this provision of the ordinance (The statute was also relied upon) would apply whenever a pedestrian knew or had reason to know that an automobile was on the roadway, however distant from the point

at which he was attempting to cross. But obviously this is not the meaning of the ordinance or the statute. They can mean no more than that such a crossing pedestrian must yield the right-of-way whenever ordinary care requires that he do so in order to avoid collision with an approaching vehicle. As is true in other conduct regulated by that standard, what ordinary care requires in such a situation must depend upon the immediate circumstances of the particular case.''

Such regulations are to be given a reasonable construction. They do not mean that a pedestrian must yield the entire street on the assumption a motorist will imperil his passage by driving on the wrong side in violation of law. It seems to us impolitic to hold that a slight deviation from a crosswalk, such as here involved, would place pedestrians as a matter of law beyond the protection of traffic controls designed for their protection.

We conclude that there was no error in overruling defendant's motion for a directed verdict and that there is material evidence sustaining the verdicts.

It results that the assignments must be overruled and the judgments affirmed with costs.

Hale and Howard, JJ., concur.