| | |
|---|---|
| JOHN WATSON LITTLE and LESLIE EARL LITTLE, Executors for the Estate of LESLIE H. LITTLE, deceased, | ) ) ) |
| | ) |
| Plaintiffs/Appellants, | ) |
| | ) |
| VS. | ) |
| | ) |
| MICHAEL HOGAN, JEFF PAYNE, and MIKE WILHELM TRUCKING, INC., | ) ) ) |
| | ) |
| Defendants/Appellees. | ) |

**Bedford Circuit**

**No. 7212**

**Appeal No.**
**01A01-9707-CV-00291**

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF BEDFORD COUNTY
### AT SHELBYVILLE, TENNESSEE

### HONORABLE LEE RUSSELL, JUDGE

D. Russell Thomas, Herbert M. Schaltegger
218 W. Main St., Suite One
Murfreesboro, TN 37130
ATTORNEY FOR PLAINTIFFS/APPELLANTS

James D. Kay Jr.
Washington Square One, Suite 340M
222 Second Avenue, North
Nashville, TN 37201
ATTORNEY FOR DEFENDANTS/APPELLEES

### MODIFIED, AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR IN SEPARATE OPINION:
BEN H. CANTRELL, JUDGE

CONCUR WITH SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

JOHN WATSON LITTLE and LESLIE )
EARL LITTLE, Executors for the )
Estate of LESLIE H. LITTLE, deceased, )
                                 )     **Bedford Circuit**
       **Plaintiffs/Appellants,**      )     **No. 7212**
                                   )
**VS.**                              )
                                   )
**MICHAEL HOGAN, JEFF PAYNE,** )
**and MIKE WILHELM TRUCKING,** )
**INC.,**                           )     **Appeal No.**
                                   )     **01A01-9707-CV-00291**
       **Defendants/Appellees.**     )

# O P I N I O N

The captioned executors filed this suit to recover damages for the wrongful death of 88 year old Leslie H. Little, deceased, who lost his life in a motor vehicle collision at the intersection of North Main Street and Colloredo Boulevard in Shelbyville, Bedford County, Tennessee. Movement of traffic through the intersection was controlled by the multicolored lights of an ordinary traffic control signal.

Several vehicles were present at the intersection at the time of the collision. Two large transport trucks, being operated on the business of Mike Wilhelm Trucking, Inc., approached the intersection from the north, moving south. One of the Wilhelm trucks, operated by Jeff Payne, approached the intersection in the left southbound lane, but did not enter the intersection because its approach to the intersection was blocked by the presence of a pick-up truck stopped in the left lane waiting for the traffic signal to change. As the other Wilhelm truck, operated by Michael Hogan, approached the intersection in the right southbound lane, the signal for southbound traffic changed to green and Hogan drove his truck southward across the intersection.

The deceased approached the intersection from the south, moving north, when the signal for northbound traffic turned green, he entered the intersection and turned left (west) across the two southbound lanes of North Main Street, in the direction of Colloredo Blvd. West. The Wilhelm truck, operated by Michael Hogan in the right southbound lane of North Main Street, proceeded southward across the intersection and struck the right side of the vehicle of deceased.

-2-

After being struck by the Wilhelm truck, the vehicle of deceased was propelled in a southerly direction to collide with a northbound vehicle which had not arrived at the intersection, and then moved some distance southward to a point 65 or 70 feet from the point of the original collision with the Wilhelm truck.

After striking the vehicle of deceased, the Wilhelm truck operated by Hogan, proceeded southward in the right lane of North Main Street to a point 295 feet from the point of collision.

At the subject intersection, North Main Street was designated as State Route 231. However, State Route 231 had alternate routings in the city of Shelbyville. "Business South 231" continued south from the intersection through the city square to its intersection with State Route 82. "Truck Route 231" turned right (west) on Colloredo Boulevard and continued thereon to its intersection with State Route 82, which led to Lynchburg, the intended destination of both Wilhelm trucks. The "truck route" around the city was somewhat longer than the "business route" through the city.

The Trial Court ordered:

> 1.      The motion for summary judgment in favor of Jeff Payne is granted and all claims against Jeff Payne are dismissed with prejudice. Mike Wilhelm Trucking, Inc. Is dismissed with prejudice only as to all claims directed to Jeff Payne as an employee, agent or driver of Mike Wilhelm Trucking, Inc.
>
> 2.      The motion for summary judgment in favor of Michael Hogan is granted in part and denied in part. All claims against Michael Hogan shall be dismissed with prejudice with the exception of the issue of speed under the circumstances.
>
> 3.      All claims against the defendants for punitive damages are dismissed with prejudice.
>
> 4.      The defendant's motion for protective order is granted in part and denied in part. The plaintiffs are precluded from inquiry as to any records which do not relate to the particular delivery that defendant Mike Hogan was making on the date of the accident or the hiring of defendant Hogan as a driver. If the plaintiffs wish to seek additional

records, and the defendants will not agree to the discovery, then the plaintiff must apply to the Court for permission to seek the information.

     5.     The plaintiffs' motion to compel is denied.

IT IS FURTHER ORDERED that this order is hereby expressly deemed a final judgment as to the dismissal of Jeff Payne as an employee, agent, or driver of Mike Wilhelm Trucking, Inc., there being no just reason for delay, all in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure.

The plaintiffs have appealed and presented four issues. The first two issues are:

     A.     The Trial Court erred in granting Defendant Jeff Payne summary judgment when there are genuine issues of material fact which, when viewed in a light most favorable to the plaintiffs, and drawing all reasonable inferences therefrom, establish at least partial liability on the part of this Defendant for the death of Decedent Leslie H. Little.

     B.     Defendant Mike Wilhelm Trucking, Inc.
The Trial Court erred in granting the Defendant Mike Wilhelm Trucking, Inc. partial summary judgment when there are genuine issues of material fact which, when viewed in a light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom, establish at least partial liability on the part of this Defendant for the death of Decedent Leslie H. Little due to the actions of its agent, Defendant Jeff Payne, under the doctrine of <u>respondeat superior</u>.

In support of these issues, plaintiffs argue:

It has been established that Defendant Payne was proceeding south into the City of Shelbyville and into the business district rather than following the alternate state route around the downtown district.
- - - -
The Payne tractor-trailer rig was not following the posted truck route and was therefore in the wrong lane.

The presence of the Jeff Payne truck in the left southbound lane could be some indication that he intended to proceed south on the "Business Route", but, if so, he had not carried out the intent because his truck never entered the intersection before the other Wilhelm truck struck the vehicle of deceased.

-4-

Appellants' argue correctly that, if Payne had approached the intersection in the right lane in preparation for a right turn to follow the truck route, his truck would have blocked progress of the Hogan truck and would not have been in the left lane to obstruct the view of Michael in the direction of deceased. However, the test of the liability of Payne is the foreseeability of harm from his actions. There is no evidence that Payne should have known that the Hogan truck was approaching from his rear at high speed and that he should block its path by using the right lane to prevent Hogan from colliding with a northbound vehicle turning left across the path of Hogan.

In *McClenahan v. Cooley*, Tenn. 1991, 806 S.W.2d 767, the question was the liability of the owner who left his keys in his vehicle. A thief stole the vehicle and a high speed chase by the policy resulted in the deaths of innocent persons. The Supreme Court held:

> [4,5]   This Court is of the opinion that the approach taken by the substantial (and growing) number of jurisdictions representing the minority view is the approach that should be taken in Tennessee, in part, because principles of common law negligence long established in this state provide a sufficient analytical framework to dispose of cases with fact patterns similar to the one presented in this appeal. First, it is axiomatic that in order for there to be a cause of action for common law negligence, the following elements must be established: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause.
>
> - - - -
>
> [6-8]   Taken as a whole, our cases suggest a three-pronged test for proximate causation: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.
>
> - - - -
>
> [9-12]  With respect to superseding intervening causes that might break the chain of proximate causation, the rule is established that it is not necessary that tortfeasors or concurrent forces act in concert, or that there be a joint operation or a union of act or intent, in order for the negligence of each to be regarded as the proximate cause of the injuries, thereby rendering all tortfeasors liable.
>
> - - - -

> "An intervening act will not exculpate the original wrongdoer unless it appears that the negligent intervening act could not have been reasonably anticipated."
>
> - - - -
>
> "It is only where misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences to which such intervening acts contributed."

In the present case, this Court holds as a matter of law that no reasonable jury would find that Jeff Payne should have anticipated that the presence of his truck stopped in the left lane of traffic would create or contribute to the injury which occurred. The first issue therefore presents no ground for reversal.

Plaintiffs' insist that Wilhelm is liable for the fault of Payne under the doctrine of respondeat superior, but, without culpable fault of the agent, there is no vicarious liability of the principal. *Raines v. Mercer*, 165 Tenn. 415, 55 S.W.2d 263 (1932): *Goodman v. Wilson*, 129 Tenn. 464, 166 S.W. 752 (1914); *Loveman & Co. v. Bayless*, 128 Tenn. 307, 160 S.W. 841 (1913).

No ground of reversal is presented by the first two issues.

Plaintiffs' third issue is:

> (3) The Trial Court erred in granting Defendant Mike Hogan partial summary judgment as to all issues except for speed under the circumstances when there are genuine issues of material fact which, when viewed in a light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom, establish at least partial liability on the part of this Defendant for the death of Decedent Leslie H. Little under the theory of negligence per se.

Plaintiffs' argument in support of this issue is verbatim:

> First, all arguments raised above with reference to negligence per se concerning Defendants Payne and Mike Wilhelm Trucking are full applicable and germane; the same statutes were violated by Defendant Hogan under the very same facts. Therefore, Defendant Hogan is guilty of

negligence <u>per se</u>. Further, it is not at all unforeseeable that such negligence <u>per se</u> could or would lead to a fatal accident of this type. Had Defendant Hogan been following the designated state truck route around the downtown Shelbyville area, he would not have been approaching the intersection at between 30 and 40 miles per hour (Hogan Depo., pp. 35-36). Instead, he would have been moving much more slowly as he prepared to make the right-hand turn onto Colloredo Boulevard; it is a reasonable inference that but for Defendant Hogan's failure to follow the state truck route, he would have not collided with and killed the Decedent Mr. Little.

The foregoing quotation intimates that the failure of a truck to follow a "truck route" is unlawful, and therefore negligence per se. Appellants cite TCA § 54-5205 which authorizes the transportation department to select the streets upon which state highways are routed, and 55-8-101(33) and 55-8-109(a) requires that drivers obey traffic-control devices including "signs, signals markings and devices placed by authority of a public body or official having jurisdiction."

No evidence is cited or found as to who posted the "truck route" signs. If the signs were posted with due authority, then they would indicate that a right turn should be made at the intersection by trucks whose destination was not within the City of Shelbyville. The intended destination of the two subject trucks was not within the city of Shelbyville.

Nevertheless, the intent of the driver to proceed straight through the intersection instead of turning right to the "truck route" was not the proximate cause of the collision for lack of reasonable anticipation. That is, a reasonable truck driver in the position of Hogan would not have anticipated that proceeding through the intersection at a safe speed would result in a collision with a vehicle turning across the path of the truck.

The proximate negligence of Hogan must be based upon excessive speed or failure to avoid collision with another vehicle in the intersection.

The Trial Court reserved the issue as to negligent speed. Therefore, when the Trial Judge reserved speed, he also reserved negligence per se by speed. The issue of negligent failure to avoid collision also remains for resolution.

No ground for modification or reversal is presented by plaintiffs' third issue.

Plaintiffs' fourth issue is:

> 4)      The Trial Court erred in granting the Defendant summary judgment as to Plaintiffs' claims for punitive damages when there are genuine issues of material fact which, when viewed in a light most favorable to the Plaintiffs, and drawing all reasonable inferences therefrom demonstrate patterns of outrageous conduct sufficient to allow a claim for punitive damages to be submitted to a jury.

T.C.A. § 55-8-143 defines the duties of drivers of vehicles at intersections where one vehicle is turning across the path of another vehicle.  Material provisions are summarized and discussed as follows:

> (a)      The turning driver must first see that said movement can be made with safety.  The requirement is not an absolute, but applies within the bounds of reason.  That is, the turning driver must make that ascertainment of safety which a reasonable person would make under the same or similar circumstances.  The determination of the reasonableness of the ascertainment of safety is for the jury. *Atchley v. Sims*, 23 Tenn App. 167, 128 S.W.2d 975 (1938). Among the facts to be considered by the jury in the present case are the obstruction of the vision of deceased and Hogan by the truck of Payne stopped north of the intersection and the observable movement and speed of the truck operated by Hogan.
>
> - - - -
>
> (2)      Drivers receiving a signal for a left turn must "keep their vehicle under complete control and shall be able to avoid an accident resulting from a misunderstanding of such signal." *Wright v. City of Knoxville*, Tenn. 1995, 898 S.W.2d 177.  There is evidence in this record that Hogan approached an intersection where his vision was partially blocked by the truck in the left southbound lane, and that Hogan's speed was such that the collision knocked the vehicle of deceased into another stopped vehicle and beyond, a total of 65 or 70 feet from the point of collision with the Hogan truck, and the Hogan truck continued its southbound course 295 feet past the point of collision before stopping.  Under

-8-

these facts, it will be for the jury to decide whether Hogan was driving at an unreasonably high speed and whether his action or inaction constituted ordinary negligence and/or such gross negligence as justified the award of punitive damages. *Coppinger Color Lab, Inc. v. Nixon*, Tenn. 1985, 698 S.W.2d 72; *Huckeby v. Spangler*, Tenn. 1978, 563 S.W. 555.

Evidently, the Trial Court was of the opinion that the evidence was not sufficient as a matter of law to justify exemplary damages, as held in *Walgreen Co. v. Walton*, 16 Tenn. App. 213, 16 S.W.2d 44 (1933). The circumstances of the present case are distinguishable from those of the cited case. In addition to the claim of exemplary for the misconduct of Hogan, plaintiffs claim exemplary damages for the misconduct of Mike Wilhelm Trucking, Inc., in the general conduct of its trucking business such as selection and training of drivers, overloading and instruction or encouraging drivers to violate the law. This Court holds that the allowance of punitive damages from Mike Wilhelm Trucking, Inc., on these grounds may be pursued further in the Trial Court.

The judgment of the Trial Court is modified to reserve the questions of punitive damages heretofore discussed.

Plaintiffs' fifth, and last, issue is:

> 5) The Trial Court erred in granting the Defendants' motion for a protective order when the material sought is directly relevant to Plaintiffs' claims for liability and punitive damages and when those materials were required by federal law to be maintained by the Defendant as part of its trucking enterprise.

The requested discovery included the following:

> Come now the plaintiffs, John Watson Little and Leslie Earl Little, Executors for the Estate of Leslie H. Little, pursuant to Rule 34, Tenn. R. Civ. P., and hereby requests that the defendants, Michael Hogan, Jeff Payne and Mike Wilhelm Trucking, Inc. a/k/a Southern Grain, hereinafter referred to as Mike Wilhelm Trucking, produce for inspection and copying at the office of plaintiffs' attorney, within thirty days (30) days from the receipt hereof, the originals or complete and clearly readable copies of the items defined and described herein:

1. Drivers' trip records

2. Receipts for trip expenses

3. Pick up and delivery orders

4. All communications regarding transportation of cargo

5. All bills of lading and manifests

6. All equipment or cargo loading documents

7. All cargo freight bills

8. All written instructions to drivers

9. Dispatch records

10. All drivers' calls in records

11. Accounting records

12. All drivers' trip check-in financial sheets

13. All drivers' fuel purchase and mileage reports

14. Copies of all checks issued to Hogan and Payne

15. All special fuel permits

16. All trip lease contracts

17. All other operation or trip related documents

18. Complete "Driver Qualification" files of Hogan and Payne

19. Any pre-employment documents

20. Complete application of employment of a driver

21. All medical examination records

22. All drivers' violation statements

23. All drivers' road tests

24. All drivers' written tests

25. All drivers' test certificates

26. All inquiries to former employers

27. All answers of former employers

28. All inquiries and answers regarding violations or accidents

29. Test cards issued by former employers

30. All annual reviews

31. All other contents of driver qualification files

32. Records of drug tests

33. Records of training

34. Additions to Hogan and Payne file since June 10, 1994

35. Complete drivers' personal file to date

36. Application contracts and agreements

37. Hiring, suspensions, warnings

38. Prior health, accidents, sickness, shortage reports

39. Law Enforcement reports

40. Other documents on Hogan and Payne

41. Complete driver qualification file of Hogan and Payne

42. Addition to file of any driver operating same equipment

43. Documents in possession of other drivers

44. Drivers' licenses of all drivers that operated equipment before accident

45. Copies of violation notices of all drivers that operated same equipment

46. All objects, pictures, drawings or statements regarding subject accident

47. A more verbose repetition of 46.

48. All accident files on drivers of subject equipment

49. All drivers' records of Hogan and Payne

50. All drivers' records of other operators

51. Repetition of 50

52. Verbose repetition of previous request

53. Maintenance records

54. Verbose repetition of 53

55. Titles to both vehicles

56. Vehicle movement records

57. Leasing contracts

58. Purchase of rental payments

59. Company manuals

60. Maintenance records

61. Computer records

62. Instructions and logs of drivers

63. Notices to drivers

64. Operational documents of driver

65. State registration of vehicles

66. Operating Permits of Hogan and Payne

67. Safety Instructions

68. List of all employees of Wilhelm

69. All Dispatch records

70. All operation forms

71. Income tax forms of Hogan and Payne

72. Fleet Evaluation Surveys

73. Correspondence with insurers

74. Driver Training manuals

75. Employees substance abuse policy


The foregoing summarizes plaintiffs' 21-page demand for production of documents.


The judgment of the Trial Judge ruled as follows on these demands:

> As to the discovery issues, it appears that the Plaintiffs are exploring a number of areas which might or might not uncover sloppy business practices, but which are totally irrelevant to the cause of this accident. If it is undisputed that Defendant Hogan did not apply his brakes until the time of impact, then maintenance of brake records is irrelevant. If it is undisputed that Defendant Payne sat at the red light to wait for a truck to turn across the intersection, then it is irrelevant how much his load weighed. It is equally certain that the

failure to maintain some particular document back at Wilhelm corporate headquarters did not kill anyone at the intersection.

- - - -

In the current state of the record, the Plaintiffs are precluded from inquiry as to any records which do not relate to the particular delivery that Defendant Hogan was making on the day of the accident or to the hiring of Defendant Hogan as a driver. If the Plaintiffs wish to seek additional records and the Defendants will not agree to that discovery, then the Plaintiffs will have to apply to the court for permission to seek the information. The written discovery heretofore filed by the Plaintiffs is extremely oppressive, but no sanctions will be ordered and no avenue of inquiry is finally precluded, but the Plaintiffs will have to make a showing to the court on an *ad hoc* basis that information sought is reasonably calculated to lead to the discovery of admissible, relevant evidence.

A trial court has wide discretion in enforcing discovery. T.R.C.P. Rule 26, *Strickland v. Strickland,* Tenn. App. 1981, 618 S.W.2d 496. The issuance of a protective order limiting discovery lies within the sound discretion of the trial judge. *Brown v. Brown*, Tenn. App. 1993, 863 S.W.2d 432. It is within the inherent powers of a trial judge to take appropriate corrective action against a party for discovery abuse. *Lyle v. Exxon Corp.*, Tenn. 1988, 746 S.W.2d 694.

The judgment of the Trial Court is modified to require the plaintiffs to specify in detail the grounds upon which punitive damages are claimed and to require a discovery conference pursuant to TRCP Rule 26.06 for the purpose of identifying issues for discovery and appropriately limiting its scope.

The judgment of the Trial Court is modified to delete the partial summary judgment dismissing plaintiffs' suit against Michael Hogan and Mike Wilhelm Trucking, Inc., for punitive damages. As modified, the judgment of the Trial Court is affirmed. One-half the costs of this appeal is taxed against the plaintiffs-appellants and their surety, and one-half of said costs are taxed against

the defendants, Mike Hogan and Mike Wilhelm Trucking, Inc. The cause is remanded for further proceedings.

**MODIFIED, AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR IN SEPARATE OPINION:
BEN H. CANTRELL

CONCUR WITH SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE